UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

LOREN ALVAREZ, on behalf of herself and all
others similarly situated,

Plaintiff,

v.                                                                  Case No.

TTEC SERVICES CORPORATION,                  COLLECTIVE AND CLASS ACTION
                                                                   DEMAND FOR JURY TRIAL

Defendants.

## COMPLAINT

Plaintiff Loren Alvarez individually and on behalf of all others similarly situated,

respectfully moves for judgment against Defendant TTEC Services Corporation" ("Defendant")

as follows:

**I.      SUMMARY OF ACTION**

1.      This is an action for unpaid overtime in violation of the Fair Labor Standards Act

of 1938, as amended, 29 U.S.C. § 201, et seq., ("FLSA") and the Virginia Overtime Wage Act,

Va. Code § 40.1-29.2 ("VOWA"), and for unpaid regular wages and unlawful deductions from

wages in violation of the Virginia Wage Payment Act, Va. Code § 40.1-29 ("VWPA").

2.      Plaintiff brings this action as a "hybrid" class and collective action for unpaid

overtime under both federal and state law. Plaintiffs brings this action as a collective action

under 29 U.S.C. 216(b), and for the state law claims only, as a class action under Federal Rule of

Civil Procedure 23.

1

3.      This action addresses a single, company-wide, policy and practice of Defendant with respect to its remote workforce. Defendant requires remote workers to purchase, as a condition of employment, without reimbursement, tools which are specifically required by Defendant for the performance of its work, thereby cutting into the overtime and regular wages that Defendant is required to pay these employees.

4.      This action is <u>not</u> intended to seek redress for any "off the clock" work performed by individuals or other claims as alleged in the case of *Wilfong v. TTEC Services Corp.*, Case No. 1:24-cv-01076-KAS, currently pending in this Court as of this filing.

5.      FLSA provides that required minimum and overtime wages cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear" of costs required to be incurred by the employee for the employer's benefit:

> Whether in cash or in facilities, "wages" cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear." The wage requirements of the Act will not be met where the employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee. This is true whether the "kick-back" is made in cash or in other than cash. For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act.

29 C.F.R. § 531.35 (the "Free and Clear Rule"). The VOWA follows the FLSA and its implementing regulations. Va. Code § 40.1-29.2.

6.      Defendant has violated and continues to violate the FLSA and VOWA by having a policy or practice of requiring remote workers to purchase, as a condition of employment,

2

without reimbursement, tools which are specifically required by Defendant for the performance of its work. Such tools include, without limitation, high speed internet service satisfying Defendant's performance requirements, ethernet equipment, and computers satisfying Defendant's performance requirements. This policy and practice resulted and results in Plaintiff and similarly situated employees receiving less overtime wages than they are entitled to receive under the FLSA and VOWA, as the tool costs cut into the overtime wages required to be paid to them.

7.      Defendant has violated and continued to violate the VWPA through the same policy and practice, which cuts into and unlawfully deducts from the regular wages that Plaintiff and similarly situated employees are required to be paid under the VWPA.

8.      Defendants' policies and/or practices comprising the alleged violations are ongoing.

9.      The **FLSA Collective** is made up of all persons who have been employed by Defendant (or any predecessor entity, including but not limited to TTEC@Home LLC) as a remote worker in any non-exempt position, and worked more than 40 hours in at least one workweek, within three years prior to this action's filing, or longer if equitable tolling is granted, to the trial of this action (the "Relevant Period").

10.     Plaintiff, on behalf of herself and all similarly situated employees, seeks unpaid overtime wages, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and all relief allowed by law arising out of the Defendant's FLSA violations.

11.     The **Virginia Class** is made up of all members of the FLSA Collective who have been employed in Virginia at any time during the Relevant Period.

12.     Plaintiff, on behalf of herself and others similarly situated, seeks unpaid overtime wages, liquidated damages, triple damages, pre- and post-judgment interest, attorneys' fees and costs, and all relief allowed by law arising out of the Defendant's VOWA violations.

13.     Plaintiff reserves the right to propose amended class definitions and/or sub-classes in his motions for collective action and/or class action certification, or to add class claims under Rule 23 of the Federal Rule of Civil Procedure, to the extent discovery warrants such amendments or subclasses.

## II.    JURISDICTION AND VENUE

14.     This Court has jurisdiction over the FLSA claims pursuant to 29 U.S.C. § 216(b) in that the Plaintiff may bring this action in any appropriate United States District Court.

15.     The Court has supplemental jurisdiction over the state law VOWA and VWPA claims pursuant to 28 U.S.C. § 1367, as these claims are so related to the FLSA claims they form part of the same case or controversy.

16.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391 since acts and omissions giving rise to this lawsuit have taken place in this District. Specifically, Defendant has its headquarters in this District, has centralized pay practices based in this Division applicable to the FLSA Collective, and set the pay policy and practice at issue in this division.

17.     Defendant is subject to personal jurisdiction in this District.

## III.    PARTIES

18.     Plaintiff Alvarez is a resident of Virginia who worked remotely from her home for Defendant from approximately June 2020 to March 21, 2024. At all times relevant, Plaintiff was an "employee" as defined in the FLSA and VOWA.

4

19.     Defendant TTEC Services Corporation (according to filings with the Virginia State Corporation) is a Nevada corporation with its principal office located at 6312 S Fiddlers Green Cir Ste 100N, Greenwood Village, CO, 80111, USA. At all times relevant, this Defendant and/or its predecessors is and was an "employer" of Plaintiff and similarly situated individuals as defined by the FLSA and VOWA.

20.     Upon information and belief, prior to approximately July 24, 2023, Plaintiff and similarly situated employees were paid through an entity entirely owned and controlled by Defendant called TTEC@Home LLC. After that approximately that date, they were paid through Defendant. According to filings with the Virginia State Corporation Commission, as of July 24, 2023, TTEC@Home LLC and Defendant merged, with Defendant (TTEC Services Corporation) surviving and TTEC@Home LLC not surviving. Accordingly, Defendant is liable for the FLSA and VOWA-violating pay practices at issue, regardless of whether the payments were administered through TTEC@Home LLC or Defendant.

21.     Defendant's gross annual sales made or business done is $500,000.00 or greater. Each Defendant operates in interstate commerce by, among other things, buying and/or selling goods and transacting business in multiple states, and/or by having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce in multiple states. Defendant's employees, including Plaintiff and similarly situated employees, were engaged in commerce and/or the production of goods for commerce.

## IV.    FACTUAL ALLEGATIONS

22.     Defendant is in the business of, inter alia, operating remote call centers, through which its employees work from home. These employees handle calls for Defendant using an

5

internet connection and related computer equipment pursuant to Defendant's requirements.

23.     Defendant markets itself as a "customer experience" company that "help[s]
companies continuously optimize CX and business outcomes to deliver the highest customer
satisfaction at the lowest cost of conversation." *See* https://www.ttec.com/about-
us#:~:text=(NASDAQ%3ATTEC)%20is%20a,step%20of%20the%20customer%20journey. Last
accessed 10/10/2024.

24.     Plaintiff worked for Defendant (including its predecessor TTEC@Home LLC)
from approximately June 2020 to March 21, 2024.

25.     Plaintiff's position was Customer Service Representative, and later Back Office
Claims Representative. The job duties of each position entailed handling calls as part of a remote
call center.

26.     The remote call center work and other non-exempt work of the FLSA Collective
was performed was performed remotely on computers using high speed internet connections.

27.     Plaintiff worked from home and was paid hourly. Similarly situated employees
also worked remotely and were paid hourly.

28.     Plaintiff was regularly scheduled to work, and did work, at least 40 hours per
week: typically, 8 or more hours per day, Monday through Friday. Other similarly situated
employees were scheduled the same or similarly.

29.     Plaintiff and similarly situated employees regularly worked in excess of 40 hours
per workweek in multiple workweeks and were subject to the policies and practices described
herein that deprived them of full overtime wages.

30.     During the Relevant Period, Defendant had approximately more than 10,000

Case No. 1:24-cv-02847-PAB-SBP    Document 1    filed 10/15/24    USDC Colorado    pg
7 of 24

employees who meet the definition of the FLSA Collective and more than approximately 200 who meet the definition of the Virginia Class.

31.    At all times relevant, Defendant had a policy and practice of requiring remote workers to purchase, as a condition of employment, without reimbursement, tools which are specifically required by Defendant for the performance of its work. Such tools include, without limitation:

(a)    High speed internet service satisfying Defendant's performance and speed requirements,

(B)    Ethernet equipment satisfying Defendant's requirements, and

(C)    Computers satisfying Defendant's requirements.

32.    This policy and practice resulted and results in Plaintiff and similarly situated employees receiving less overtime wages than they are entitled to receive under the FLSA and VOWA, as they do not receive such overtime wages free and clear of their tool costs.

33.    For example, as part of Defendant's employment process, Defendant requires remote workers' internet connections to pass a speed test as condition of their employment.

34.    Plaintiffs' internet connection initially failed this internet speed test. In order to obtain and maintain employment with Defendant, Plaintiff was required to purchase a more expensive internet package to perform Defendant's work, with a substantially increased monthly fee. Plaintiff paid this fee and was not reimbursed by Defendant.

35.    For an additional example, Defendant requires remote workers to use wired internet connections to perform Defendant's work and does not permit remote workers to use wireless internet connections. Defendant required Plaintiff to purchase ethernet equipment to

satisfy this requirement. Plaintiff purchased this equipment and was not reimbursed by
Defendant.

36.     For an additional example, Defendant requires remote workers to have computers
meeting its hardware requirements to perform Defendant's work. To satisfy this requirement,
Plaintiff purchased a laptop computer and was not reimbursed by Defendant.

37.     The job description and onboarding documents for Plaintiff provided a list of
equipment and equipment specs that Plaintiff would have to purchase to perform Defendant's
work.

38.     Employees similarly situated to Plaintiff also were required to purchase high
speed internet, ethernet equipment, computers, and/or other tools to satisfy Defendants'
requirements for the performance of its work. Defendant did not reimburse these employees for
such expenditures, which directly and expressly benefitted Defendant.

39.     Pursuant to the Free and Clear Rule, due to these Defendant-required equipment
expenditures, Plaintiff and similarly situated employees did not receive their overtime wages
"free and clear." There is violation of the FLSA (and VOWA) for each "workweek when the cost
of such tools purchased by the employee cuts into the minimum or overtime wages required to be
paid him under the [FLSA]." 29 C.F.R. § 531.35.

40.     For the high speed internet connection, for example, the cost of this tool
purchased by the employee to perform Defendant's work is an ongoing and recurring cost that
cuts into the employee's overtime wages in every week in which the employee works more than
forty hours.

41.     As a result of the policy and practice described herein, Plaintiff and similarly

situated employees were deprived of the full overtime wages that they are entitled to receive under the FLSA and VOWA.

42.     Defendant knew or should have known that Plaintiff and similarly situated employees were not being paid full overtime pay as required because Defendant's practice of requiring to purchase, without reimbursement, tools to perform Defendant's work is shown on Defendants express employment requirements and pay records, among other evidence.

43.     Plaintiff and similarly situated employees were not employed in any bona fide executive, administrative, or professional capacity.

44.     Based on the nature of Plaintiff's and similarly situated employees' job duties and their hourly pay basis, there is no FLSA or VOWA exemption that applies to preclude them from being paid one and one-half times their regular rate of pay for all hours worked in excess of 40 per week.

45.     Defendant willfully violated the FLSA and VOWA through the policy and practice described herein which deprived Plaintiff and similarly situated employees of required overtime wages.

46.     Defendant knowingly failed to pay full overtime wages required by the VOWA within the meaning of Va. Code § 40.1-29(J) and (K) (2021) and § 40.1-29.2 (2021).[1]

47.     Defendant suffered and/or permitted and/or required Plaintiff and similarly

---

[1] From July 1, 2021 to June 30, 2022, the VOWA allowed for triple damages for knowing violations through the Virginia Wage Payment Act, Va. Code 40.1-29(J)&(K) (2021) ("VWPA") and Va. Code § 40.1-29.2(F) ("2021 VOWA"). The VOWA and VWPA were subsequently amended, effective July 1, 2022, so that VOWA mirrored the FLSA and triple damages were no longer available for overtime violations. Plaintiff seeks triple damages only for the period the 2021 VOWA was in effect.

9

situated employees to work more than 40 hours per week without full overtime compensation of 1.5 times their regular rates.

48.     Defendant knew or should have known that its policy and practice described herein violated the overtime provisions of the FLSA and VOWA.

49.     At all relevant times Defendant intended to deprive Plaintiff and similarly situated employees of the overtime pay they were entitled to under the FLSA and VOWA or acted with reckless disregard for Plaintiff's rights under the VOWA and FLSA.

50.     Defendant compensated, and continue to compensate, those similarly situated to Plaintiff on a uniform compensation basis common to Plaintiff and similarly situated employees.

51.     Defendant's pay operation is centrally managed, and employees meeting the FLSA Collective and Virginia Class definitions are subject to common payroll practices.

## V.    FLSA COLLECTIVE ACTION ALLEGATIONS

52.     Plaintiff files this statutorily authorized collective action pursuant to 29 U.S.C. § 216(b) as Representative Plaintiff on behalf of herself and the FLSA Collective.

53.     Defendant employs, and has employed, multiple persons who fit the above definition who due to Defendant's policies and practices described herein were deprived of the full required overtime pay for all time they worked in excess of 40 hours each week.

54.     These employees perform, and have performed, work which entitles them to payment of overtime compensation which they have not received.

55.     Within the past three years, Plaintiff and similarly situated employees were subject to a common plan or policy of Defendants to avoid paying full overtime wages by requiring these employees to purchase, without reimbursement, tools to perform work for

Defendant.

56.    Defendant compensated, and continues to compensate, those similarly situated to Plaintiff on a uniform compensation basis common to Plaintiff and other persons performing similar job functions.

57.    Defendant's pay operations are centrally managed, and employees meeting the above definition of the FLSA Collective are subject to common payroll practices.

58.    Defendants' policy of not paying the required overtime compensation amounted to a willful or reckless disregard of the employees' rights under the FLSA.

59.    Defendants had no good faith basis to believe that its policy and practice described herein was somehow allowable under the FLSA.

60.    Plaintiff asserts that Defendant's willful disregard of the overtime wage laws described herein entitles Plaintiff and similarly situated employees to the application of the three (3) year limitations period.

61.    Plaintiff's hourly pay and job duties, and the hourly pay and job duties of those similarly situated to Plaintiff, are not exempt from the coverage of the FLSA.

62.    At all relevant times, Plaintiff and other similarly situated employees have been entitled to the rights, protections, and benefits provided under the FLSA.

63.    Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective, and as such, notice should be sent to the Collective. There are numerous similarly situated current and former employees of Defendant who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of Court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known

to Defendant and are readily identifiable through Defendants' records.

64.    Plaintiff hereby files her Written Consent to Become Party to Collective Action
Under 29 U.S.C. § 216 and State Laws. Plaintiff's Written Consent Form is attached as Exhibit
1.

**V.    VIRGINIA CLASS ACTION ALLEGATIONS**

65.    Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal
Rules of Civil Procedure on behalf of the Virginia Class.

66.    <u>Numerosity</u>:    Upon information and belief, the Virginia Class is so numerous
that joinder of all members is impracticable. Plaintiff is informed and believes, and on that basis
alleges, that during the relevant time period, Defendant employed over 200 people who satisfy
the definition of the proposed Virginia Class.

67.    <u>Typicality</u>:    Plaintiff's claims are typical of the Virginia Class. The claim is
based on Defendants' corporate policy and practice of requiring Plaintiff and similarly situated
employees to purchase, without reimbursement, tools to perform work for Defendant, thereby
cutting into their overtime wages in workweeks when they work more than forty hours. This is a
centralized pay policy and practice determined by Defendant, and applicable to all members of
the Virginia Class. Plaintiff and other Virginia Class members were all subject to this policy and
practice.

68.    <u>Superiority</u>:    A class action is superior to other available methods for the fair
and efficient adjudication of the controversy, particularly in the context of wage litigation where
individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in
federal court against large corporate defendants.

69.    <u>Adequacy</u>:    Plaintiff will fairly and adequately protect the interests of the

Virginia Class, and has retained counsel experienced in complex wage and hour class and

collective action litigation.

70.    <u>Commonality</u>: Common questions of law and fact exist to all members of the

Virginia Class and predominate over any questions solely affecting individual members of the

Class, including but not limited to:

a.    Whether Defendants' policy and practice of requiring the Virginia Class to

purchase, without reimbursement, tools to perform work for Defendant violated the

VOWA's overtime wage requirements in workweeks when members of the Virginia Class

worked more than forty hours;

b.    Whether Defendant is/was an "employer" of Plaintiff and the Virginia

Class within the meaning of VOWA.

c.    The proper measure of damages sustained by Plaintiff and the Virginia

Class.

d.    Whether Defendant's allegedly violative policy and practice was willful

and/or knowing within the meaning of Va. Code § 40.1-29(J) and (K).

71.    This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because

prosecution of actions by or against individual members of the Virginia Class would result in

inconsistent or varying adjudications and create the risk of incompatible standards of conduct for

Defendant. Further, adjudication of each individual member's claim as a separate action would

be dispositive of the interest of other individuals not party to this action, impeding their ability to

protect their interests.

13

72.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Virginia Class predominate over any questions only affecting individual members of the Virginia Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the members of the Virginia Class the full overtime wages to which they are entitled under Virginia law. The damages suffered by the individual Virginia Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

73.     Plaintiff intends to send notice to all members of the Virginia Class to the extent required by Rule 23. The names and addresses of the members of the Rule 23 Class are available from Defendant.

74.     Plaintiff reserves the right to propose amended class definitions and/or sub-classes in his motions for collective action and class action certification.

75.     Defendant employs, and has employed, multiple persons who fit the Virginia Class definition who due to Defendant's policies and practices described herein were deprived of the full required overtime pay for all time they worked in excess of 40 hours each week. These employees perform, and have performed, work which entitles them to payment of overtime compensation which they have not received.

76.     Within the past three years, Plaintiff and similarly situated employees were subject to a common plan or policy of Defendant to avoid paying full overtime wages, by

14

requiring these employees to purchase, without reimbursement, tools to perform work for

Defendant, thereby cutting into overtime wage when these employees work more than forty

hours in a workweek. Defendants' employment requirements and pay records, among other

evidence, show this policy and practice with respect to employees who fit the above definition.

77.    Defendant's pay operations are centrally managed, and employees meeting the

above definition are subject to common payroll practices.

78.    Defendant's policy of not paying the required overtime compensation amounted

to a willful or reckless disregard of the employees' rights under the VOWA.

79.    Defendant had no good faith basis to believe that its policy and practice described

herein was somehow allowable under the VOWA.

80.    Defendant's policy and practice described herein amounts to a knowing failure to

pay wages as required by the VOWA.

## VI.    CLAIMS

### COUNT 1: VIOLATIONS OF FAIR LABOR STANDARDS ACT
#### (Overtime Violations – Free and Clear Claim)
#### (On Behalf of Plaintiff and FLSA Collective)

81.    At all times relevant herein, Defendant has been, and continues to be, an

"employer," and Plaintiff and each similarly situated employees has been, or continues to be, an

"employee" within the meaning of 29 U.S.C. §§ 203(d) and (e).

82.    The FLSA requires covered employers, such as Defendant, to compensate all non-

exempt employees at a rate not less than one and one-half times their regular rate of pay for work

performed in excess of forty hours per week. 29 U.S.C. § 207. As such, each member of the

FLSA Collective is entitled to overtime compensation at one and one-half times their regular rate

of pay for work performed in excess of forty hours per week.

83.     Defendant violated and continues to violate the FLSA through its policy and practice of requiring these employees to purchase, without reimbursement, tools to perform work for Defendant, thereby cutting into overtime wage when these employees work more than forty hours in a workweek. *See* 29 C.F.R. § 531.35.

84.     Through this practice, Defendant paid and continues to pay these employees less overtime wages than it is required to pay under the FLSA.

85.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

86.     Plaintiff seeks damages for herself and all others similarly situated in the amount of Plaintiff's and each similarly situated employee's unpaid overtime wages, an equal amount as liquidated damages, interest, all costs and attorneys' fees incurred in investigating and prosecuting this claim, all other relief available under the FLSA, and all other such legal and equitable relief as the Court deems just and proper.

### COUNT 2: VIOLATIONS OF VIRGINIA OVERTIME WAGE ACT
(Overtime Violations – Free and Clear Claim)
(On Behalf of Plaintiff and Virginia Class)

87.     Plaintiff brings this VOWA count as a class action under Federal Rule of Civil Procedure 23 on behalf of herself and the Virginia Class. In the alternative, Plaintiff brings this VOWA count as a collective action under the VOWA, Va. Code § 40.1-29.2, and Va. Code § 40.29(J), on behalf of herself and the Virginia Class.

88.     At all times relevant, the VOWA has required Defendant to pay the Virginia Class overtime compensation at one and one-half their regular rates for all hours worked in excess of

forty per week.

89.     The 2021 VOWA required, "For any hours worked by an employee in excess of

40 hours in any one workweek, an employer shall pay such employee an overtime premium at a

rate not less than one and one-half times the employee's regular rate, pursuant to 29 U.S.C. §

207." Va. Code § 40.1-29.2(B) (2021).

90.     Since the 2022 amendments to VOWA, the VOWA has mirrored the requirements

of the FLSA: "Any employer that violates the overtime pay requirements of the federal Fair

Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., as amended, and any regulations,

guidance, or rules adopted pursuant to the overtime pay provisions of such federal act or any

related governing case law shall be liable to the employee for the applicable remedies, damages,

or other relief available under the federal Fair Labor Standards Act in an action brought pursuant

to the process in subsection J of § 40.1-29…." Va. Code § 40.1-29.2.

91.     Defendant violated and continues to violate the VOWA through its policy and

practice of requiring these employees to purchase, without reimbursement, tools to perform work

for Defendant, thereby cutting into overtime wage when these employees work more than forty

hours in a workweek. *See* 29 C.F.R. § 531.35.

92.     Through this practice, Defendant paid and continues to pay these employees less

overtime wages than it is required to pay under the VOWA.

93.     Defendants' pay policies and practices and conduct described herein constitute

each Defendant "knowingly failed to pay wages to an employee in accordance with … § 40.1-

29.2 [the 2021 VOWA]" within the meaning of Va. Code § 40.1-29(J) and (K) (2021).

94.     Plaintiff seeks damages in the amount of unpaid overtime wages, an equal amount

as liquidated damages, interest, all costs and attorneys' fees incurred in investigating and

prosecuting this claim, as well as "an amount equal to triple the amount of wages due and

reasonable attorney fees and costs" pursuant to Va. Code §§ 40.1-29.2(F) (2021) and 40.1-29(J)

(2021), all other relief available under the VOWA, and all other such legal and equitable relief as

the Court deems just and proper.

### COUNT 3: VIOLATIONS OF VIRGINIA WAGE PAYMENT ACT
### (On Behalf of Plaintiff and Virginia Class)

95.    Plaintiff brings this VWPA count as a class action under Federal Rule of Civil

Procedure 23 on behalf of herself and the Virginia Class. In the alternative, Plaintiff brings this

VOWA count as a collective action under the VOWA, Va. Code § 40.1-29.2, and Va. Code §

40.29(J), on behalf of himself and the Virginia Class.

96.    This is a claim for unpaid regular hourly wages due to Defendant's policy and

practice of requiring these employees to purchase, without reimbursement, tools to perform work

for Defendant, thereby cutting into their wages, for wages earned in the gap between non-

overtime and overtime hours – that is, hours worked that not overtime hours. For example, if the

employee worked 36 hours in a given week, this claim seeks recovery of the regular hourly

wages that were underpaid due to Defendant's policy and practice described herein.

97.    At all times relevant to this action, Plaintiff and similarly situated employees were

employed by Defendant within the meaning of the VWPA, Va. Code § 40.1-29.

98.    Plaintiff and similarly situated employees had a right to be paid their regular

hourly rates for all time worked for Defendant. These wages were earned and due on each of the

applicable pay periods.

99.    Defendant did not pay Plaintiff and similar situated employees their full regular

hourly rates due to its policy and practice of requiring these employees to purchase, without

reimbursement, tools to perform work for Defendant, thereby cutting into their wages.

100.    The VWPA provides, inter alia, that an employer must pay wages due on regular

pay periods and "Upon termination of employment an employee shall be paid all wages or

salaries due him for work performed prior thereto; such payment shall be made on or before the

date on which he would have been paid for such work had his employment not been terminated."

Va. Code § 40.1-29(A).

101.    The VWPA further provides, inter alia, that "No employer shall withhold any part

of the wages or salaries of any employee except for payroll, wage or withholding taxes or in

accordance with law, without the written and signed authorization of the employee." Va. Code §

40.1-29(C).

102.    The VWPA further provides that "No employer shall require any employee,

except executive personnel, to sign any contract or agreement which provides for the forfeiture

of the employee's wages for time worked as a condition of employment or the continuance

therein, except as otherwise provided by law." Va. Code § 40.1-29(D).

103.    Defendant failed to pay Plaintiff and similarly situated employees their full

regular hourly rates due to the policy and practice described herein. In so failing, Defendant

committed an unlawful deduction from wages, in violation of the VWPA, Va. Code § 40.1-

29(C).

104.    By failing to pay Plaintiff and similarly situated employees all wages due for

work performed in accordance with regular pay periods, due to the same policy and practice,

Defendant violated Va. Code § 40.1-29(A).

105.     If Defendant required Plaintiff and similarly situated employees to sign documentation agreeing to purchase, without reimbursement, tools to perform Defendant's work as condition of employment or continuance therein, Defendant violated Va. Code § 40.1-29(D).

106.     By failing to pay Plaintiff and similarly situated employees all regular wages due, Defendant committed an unlawful failure to pay wages and deduction from wages in violation of the VWPA, Va. Code § 40.1-29(A) and (C).

107.     Defendant's conduct as described herein constitutes Defendant "knowingly failed to pay wages to an employee in accordance with [the VWPA]" within the meaning of Va. Code § 40.1-29(J) and (K).

108.     Plaintiff for herself and the Virginia Class seeks damages in the amount of unpaid and withheld wages, an equal amount as liquidated damages, interest, all costs and attorneys' fees incurred in investigating and prosecuting this claim, as well as "an amount equal to triple the amount of wages due and reasonable attorney fees and costs" pursuant to Va. Code §§ 40.1-29.2(F) and 40.1-29(J), all other relief available under the VWPA, and all other such legal and equitable relief as the Court deems just and proper.

### FLSA Relief Requested

Wherefore, Plaintiff on behalf of herself and all members of the FLSA Collective requests the following Relief against Defendant:

A.     An order conditionally certifying a group or groups of putative collective action members and approving a notice to be sent to all such members, notifying them of this representational lawsuit and their ability to file a written consent to join in this action without threat or fear of reprisal;

B.      Judgment that Plaintiff and all similarly situated employees were non-exempt employees

entitled to protection under the FLSA;

C.      Judgment against Defendant for violations of the overtime wage provisions of the FLSA;

D.      Judgment that Defendant's violations as described above were willful;

E.      Money damages for all unpaid overtime wages;

F.      Liquidated damages in an amount equal to all unpaid overtime wages owed to Plaintiff

and similarly situated employees;

G.      Pre-judgment and post-judgment interest;

H.      Reasonable attorneys' fees and costs including expert fees expended in the prosecution of

this case and the investigation that preceded it;

I.      Leave to amend to bring additional claims and/or parties, including but not limited to

additional claims for retaliation and/or unpaid overtime or minimum wages under the FLSA or

other applicable law; and

J.      Any and all further relief permissible by law.


### Virginia Class Relief Requested

Wherefore, Plaintiff on behalf of herself and all members of the Virginia Class requests

the following Relief against Defendant:

A.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of

Civil Procedure;

B.      Designation of Plaintiff as representative of the Virginia Class and counsel of record as

class counsel;

21

C.      Unpaid overtime and regular wages, liquidated and/or triple damages, injunctive relief, and attorney's fees and costs pursuant to Virginia law;

D.      Judgment that Plaintiff and all similarly situated employees were non-exempt employees entitled to protection under the VOWA and VWPA;

E.      Judgment against Defendant for violations of the overtime wage requirements of the VOWA and wage payment requirements of the VWPA;

F.      Judgment that Defendant's violations as described above were willful;

G.      Judgment that Defendant "knowingly failed to pay wages to an employee in accordance with [the 2021 VOWA]" within the meaning of Va. Code § 40.1-29(J)&(K) (2021) as to Plaintiff and all similarly situated employees.

H.      Judgment that Defendant "knowingly failed to pay wages to an employee in accordance with [the VWPA]" within the meaning of Va. Code § 40.1-29(J)&(K) as to Plaintiff and all similarly situated employees.

I.      Money damages for all unpaid overtime and regular wages;

J.      Liquidated damages in an amount equal to all unpaid wages and regular wages owed to Plaintiff and similarly situated employees, and/or triple damages to the full extent allowed by law;

K.      An amount equal to "triple the amount of wages due and reasonable attorney fees and costs" pursuant to VA Code §§ 40.1-29.2(F) and 40.1-29(J) (2021) and Va. Code § 40.1-29(J)&(K).

L.      Pre-judgment and post-judgment interest;

M.      Reasonable attorneys' fees and costs including expert fees expended in the prosecution of

this case and the investigation that preceded it;

N.      Leave to amend to bring additional claims and/or parties, including but not limited to

additional claims for retaliation and/or unpaid overtime or minimum wages under the VOWA or

VWPA or other applicable law; and

O.      Any and all further relief permissible by law.


## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a jury trial for all

claims and issues so triable.


Respectfully submitted,

LOREN ALVAREZ,
individually and on behalf of all others similarly situated,
By Counsel

Dated:          October 15, 2024

/s/Zev Antell
Zev H. Antell (VSB No. 74634)
Craig Juraj Curwood (VSB No. 43975)
BUTLER CURWOOD, PLC
140 Virginia Street, Suite 302
Richmond, Virginia 23219
Telephone: (804) 648-4848
Facsimile: (804) 237-0413
craig@butlercurwood.com
zev@butlercurwood.com

/s/Timothy Coffield
Timothy Coffield (VSB 83430)
COFFIELD PLC
106-F Melbourne Park Circle
Charlottesville, VA 22901

p: (434) 218-3133  f: (434) 321-1636
tc@coffieldlaw.com

Counsel for Plaintiff