UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

---

LOREN ALVAREZ, on behalf of herself and all
others similarly situated,

Plaintiff,

v.                                                        Case No. 1:24-cv-02847-PAB-SBP

TTEC SERVICES CORPORATION,

Defendan
ts.

---

**PLAINTIFF'S MOTION TO STAY BRIEFING ON DEFENDANT'S MOTION TO
COMPEL ARBITRATION UNTIL AFTER A DECISION ON PLAINTIFF'S MOTION
FOR CONDITIONAL COLLECTIVE ACTION CERTIFICATION AND JUDICIAL
NOTICE AND THE COMPLETION OF ANY ENSUING NOTICE PERIOD**

---

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...…………………………………………………………i

SUMMARY OF ARGUMENT.…………………………………………………………1

PROCEDURAL HISTORY…...…………………………….…………………………..2

LEGAL STANDARD.…………………………………………………………………3

ARGUMENT.……………………………………………………………………..3

I.    Defendant's Motion is Premature as Arbitration Issues Are Reserved for
      Step Two of the Tenth Circuit's *Ad Hoc* Framework..…………………………3

      A.    Arbitration is a Merits-Based Determination
            Reserved for Step Two and Is Irrelevant to the
            Similarly Situated Analysis at Step One…………………………………4

      B.    Defendant's Allegation that the Named Plaintiff
            Signed an Arbitration Agreement Does Not Change
            the Analysis: Arbitration Remains a Step Two Concern………………6

      C.    The Proper Approach is to Issue Notice,
            Group Plaintiffs Who May Have Signed Valid Arbitration
            Agreements, and Assess at Step Two…………………………………7

II.   The *String Cheese* Factors All Favor Staying Briefing
      on the Arbitration Motion Until Step Two…………………………………………7

III.  Alternatively, The Court Should Deny Defendant's Motion Without
      Prejudice to Refiling at Step Two……………………………………………..9

CONCLUSION...................................................................................................9

## TABLE OF AUTHORITIES

**Cases**

*Abdulina v. Eberl's Temp. Servs., Inc.*, No. 14-CV-00314-RM-NYW,
   2015 WL 4624251, at *3 (D. Colo. Aug. 4, 2015)........................................................... 4

*Allen v. State Farm Mut. Auto. Ins. Co.*, No. 20-CV-03492-DDD-KLM,
   2022 WL 22865056, at *1 (D. Colo. Mar. 17, 2022)....................................................... 3

*Beattie v. TTEC Healthcare Sols., Inc.*, No. 1:18-CV-03098-RM-NRN,
   2019 WL 2866559, at *1 (D. Colo. July 3, 2019)........................................................ 5, 6

*Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989) .................................... 9

*Judd v. KeyPoint Gov't Sols., Inc.*, No. 18-CV-00327-RM-STV,
   2018 WL 4383037, at *12 (D. Colo. July 30, 2018), report and recommendation
   adopted, No. 18-CV-00327-RM-STV, 2018 WL 7142193 (D. Colo. Dec. 4, 2018)...... 4

*Judd v. Keypoint Gov't Sols., Inc.,* No. 18-CV-00327-RM-STV,
   2018 WL 7142193, at *1 (D. Colo. Dec. 4, 2018)................................................. 1, 4, 7

*Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) ....................................................... 3

*Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963)............................................. 3

*Romero v. La Revise Associates*, L.L.C., 968 F. Supp.2d 639, 647 (S.D.N.Y. 2013) ..... 6

*Saravia v. Dynamex*, 310 F.R.D. 412, 424 (N.D. Cal. 2015) .......................................... 5

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006
   WL 894955, *2 (D. Colo. Mar. 30, 2006)........................................................... 3, 7, 9

*Taylor v. Pilot Corp.*, No. 14-cv-2294-SHL-tmp,
   2016 WL 4524310, at *2 (W.D. Tenn. Mar. 3, 2016).................................................... 5

*Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001). 1, 3, 5

**Statutes**

29 U.S.C. §§ 207 ............................................................................................................. 2

Va. Code § 40.1-29.2......................................................................................................... 2

**Regulations**

29 C.F.R. § 531.35 ............................................................................................... 2

Case No. 1:24-cv-02847-PAB-SBP    Document 29    filed 02/10/25    USDC Colorado
pg 4 of 15

Named Plaintiff Loren Alvarez, on behalf of herself and all others similarly situated
(the "Collective"), respectfully moves the Court to enter an Order, consistent with the
Tenth Circuit's *ad hoc* two-step framework for FLSA collective actions, (1) staying
briefing on Defendant's Motion to Compel Arbitration (DN 13) until after a decision on
Plaintiff's pending Motion for Conditional Collective Action Certification and Judicial
Notice (DN 14) and the completion of any ensuing notice period, or alternatively, (2)
denying Defendant's Motion to Compel Arbitration without prejudice to refiling at step
two. In support of this Motion, Plaintiff respectfully submits the following memorandum.

## SUMMARY OF ARGUMENT

The Court should stay briefing on the Motion to Compel Arbitration until after it
decides Plaintiff's pending "step one" motion for conditional collective action certification
regarding notice to putative collective members, as arbitration issues are properly
reserved for the second step of the Tenth Circuit's *ad hoc* framework for FLSA collective
actions. This outcome is consistent with Tenth Circuit precedent regarding the *ad hoc*
framework and district court cases applying that framework in the context of purported
arbitration agreements. *See, e.g.*, *Thiessen v. General Electric Capital Corp.*, 267 F.3d
1095, 1105 (10th Cir. 2001) (endorsing two-step *ad hoc* method of determination); *Judd
v. Keypoint Gov't Sols., Inc.*, No. 18-cv-00327-RM-STV, 2018 WL 7142193, *12 (D.
Colo. Dec. 4, 2018) ("the issue of whether putative class members are subject to
arbitration agreements should be raised at the second stage of the certification
analysis.").

1

Defendant claims that Plaintiff Alvarez signed a purportedly valid arbitration agreement requiring individual arbitration and barring class or collective actions. While Plaintiff disagrees with these contentions, which have not been tested in discovery, Defendant's assertions are no bar to putative collective members receiving *notice*, as requested in Plaintiff's motion. In the Tenth Circuit, and in this Court, arbitration agreements present merits issues and are reserved for consideration at the second stage of the *ad hoc* framework.

## PROCEDURAL HISTORY

Plaintiff filed this putative collective and class action on October 15, 2024 pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216(b), and the Virginia Overtime Wage Act, Va. Code § 40.1-29.2 ("VOWA"), to recover unpaid overtime compensation incurred as a result of Defendant's "Unreimbursed Tool Policy" for herself and others similarly situated. (DN 1.) *See* 29 C.F.R. § 531.35.

On December 6, 2024, the parties filed the motions at issue in this motion. Defendant filed its Motion to Compel Arbitration and Dismiss Case (DN 13) and Plaintiff filed her Motion for Conditional Collective Action Certification and Judicial Notice (DN 14). At issue is the timing for the Court to decide these motions.

Pursuant to the Court's Order dated January 28, 2025, the parties are to file competing motions to stay briefing on the above motions, with the competing motions to stay to "focus exclusively on the issue of the timing for decisions on the substance of Plaintiff's Motion for Conditional Collective Action Certification and Defendant's Motion to Compel Arbitration, respectively." (DN 28 ¶ 4.)

2

## LEGAL STANDARD

The power to stay "is incidental to the power inherent in every court to control the

disposition of the causes on its docket with economy of time and effort for itself, for

counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing

*Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)); *Pet Milk Co. v.

Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) ("It is well settled that the district court has the

power to stay proceedings pending before it and to control its docket for the purpose of

'economy of time and effort for itself, for counsel, and for litigants.'" (quoting *Landis* at

254.

In exercising this discretion, this Court has considered the following:

> (1) [the non-moving party's] interests in proceeding expeditiously with the civil
> action and the potential prejudice to [the non-moving party] of a delay; (2) the
> burden on the [moving party]; (3) the convenience to the court; (4) the interests
> of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006

WL 894955, *2 (D. Colo. Mar. 30, 2006); *Allen v. State Farm Mut. Auto. Ins. Co.*, No.

20-CV-03492-DDD-KLM, 2022 WL 22865056, at *1 (D. Colo. Mar. 17, 2022) (applying

the *String Cheese* factors to a Plaintiff motion to stay).

## ARGUMENT

**I.      Defendant's Motion is Premature as Arbitration Issues Are Reserved for
         Step Two of the Tenth Circuit's *Ad Hoc* Framework.**

In *Thiessen v. Gen. Electric Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001),

the Tenth Circuit Court of Appeals approved a two-stage "*ad hoc*" process to determine

whether putative collective action members were "similarly situated" for purposes of §

216(b) of the FLSA. "At the initial 'notice' stage, this 'requires nothing more than

substantial allegations that the putative class members were together the victims of a

single decision, policy, or plan.'" *Judd v. Keypoint Gov't Sols., Inc.,* No. 18-CV-00327-

RM-STV, 2018 WL 7142193, at *1 (D. Colo. Dec. 4, 2018) (quoting *Theissen* at 1102

(quotations and alteration omitted). "Then, at the conclusion of discovery, this Court

makes a second, stricter determination of 'similarly situated.'" *Id*. (quoting *Theissen* at

1103. "At this second stage, the Court "reviews several factors, including (1) disparate

factual and employment settings of the individual plaintiffs; (2) the various defenses

available to defendant which appear to be individual to each plaintiff; (3) fairness and

procedural considerations; and (4) whether plaintiffs made [any] filings required by

[statute] before instituting suit." *Id*. (quoting *Theissen* at 1103).

Plaintiff filed her Motion for Conditional Certification, prior to discovery, at step

one of the Tenth Circuit's two-step framework. (DN 14.)

### A. Arbitration is a Merits-Based Determination Reserved for Step Two and Is Irrelevant to the Similarly Situated Analysis at Step One.

In the Tenth Circuit, "the issue of whether putative class members are subject to

arbitration agreements should be raised at the second stage of the certification

analysis." *Judd v. KeyPoint Gov't Sols., Inc.*, No. 18-CV-00327-RM-STV, 2018 WL

4383037, at *12 (D. Colo. July 30, 2018), report and recommendation adopted, No. 18-

CV-00327-RM-STV, 2018 WL 7142193 (D. Colo. Dec. 4, 2018); *Abdulina v. Eberl's*

*Temp. Servs., Inc.*, No. 14-CV-00314-RM-NYW, 2015 WL 4624251, at *3 (D. Colo. Aug.

4, 2015) ("The Court agrees that these Grounds who executed an arbitration agreement

may not be appropriate class members but that argument is appropriately raised at the

second stage of the certification analysis." (quoting *Thiessen*, 267 F.3d at 1103*); Beattie*

*v. TTEC Healthcare Sols., Inc.*, No. 1:18-CV-03098-RM-NRN, 2019 WL 2866559, at *1

(D. Colo. July 3, 2019) ("[t]he fact that claims not presently before the Court may be

ordered to arbitration at a later date does not require that notice be withheld from

potential members of the collective under the FLSA's long-established procedures for

doing so, merely because some members signed an arbitration agreement." (quoting

*Judd*, 2018 WL 7142193, at *6); *Sanchez v. Simply Right, Inc*., No. 15-CV-00974-RM-

MEH, 2017 WL 2230079, at *5 (D. Colo. May 22, 2017) ("Simply Right asserts that five

of the seven named plaintiffs are subject to arbitration agreements, as are three of the

declarants … Currently, it is not known which of the putative collective action members

will opt-in to this case, and thus, it is unknown whether any of those potential opt-ins will

be subject to arbitration agreements. As a result, in light of the speculative nature of

Simply Right's arguments in this regard, the Court believes it best left for the second

stage of class certification, rather than the first.")

     *See also Taylor v. Pilot Corp*., No. 14-cv-2294-SHL-tmp, 2016 WL 4524310, at *2

(W.D. Tenn. Mar. 3, 2016) (denying motion to reconsider conditional certification where

defendants argued that a large number of putative class members had signed

agreements compelling arbitration of any FLSA claims, because it was "premature to

consider the issue of arbitration"), *aff'd*, 697 F. App'x 854 (6th Cir. 2017); *Saravia v.

Dynamex*, 310 F.R.D. 412, 424 (N.D. Cal. 2015) ("[T]he issue of the enforceability of

arbitration clauses relate[s] to the merits of the case and therefore should be dealt with

in phase two."); *Romero v. La Revise Associates*, L.L.C., 968 F. Supp.2d 639, 647

5

(S.D.N.Y. 2013) ("[C]ourts have consistently held that the existence of arbitration

agreements is irrelevant to collective action approval because it raises a merits-based

determination." (quotations omitted) ).

> **B.      Defendant's Allegation that the Named Plaintiff Signed an Arbitration
> Agreement Does Not Change the Analysis: Arbitration Remains a
> Step Two Concern.**

Defendant's allegation that the named Plaintiff signed an arbitration agreement

does not change the analysis.  For starters, no discovery on the matter has been taken

and it has not been established that any agreement the named Plaintiff may or may not

have signed is enforceable or valid.  But regardless of that, under the Tenth Circuit's *ad

hoc* framework, a named Plaintiff's arbitration agreement is not a bar to putative opt-in

plaintiffs receiving notice at step one. For example, in *Beattie v. TTEC Healthcare Sols.,

Inc.*, No. 1:18-CV-03098-RM-NRN, 2019 WL 2866559, at *1 (D. Colo. July 3, 2019),

after the named Plaintiffs moved for conditional certification, the Court "granted

Defendants' motion to compel arbitration with respect to [the two named] Plaintiffs

Beattie and Houston, while allowing the case to proceed with respect to the other

Plaintiffs." *Id*. Subsequently, Defendant filed [another] motion to compel arbitration with

respect to numerous opt-in Plaintiffs, which the Court also considered and ruled upon.

*Id*.

Importantly, the named Plaintiffs' arbitration agreements did not prevent the

issuance of notice at step one of the Tenth Circuit's *ad hoc* framework. In granting

Plaintiffs' Motion for Conditional Certification, the Court held: "The fact that some

Plaintiffs will be compelled to arbitrate their claims individually does establish grounds

for denying them notice." *Id*. at *1 (citing *Judd,* 2018 WL 7142193, at *5 ("Neither the

FLSA nor the Tenth Circuit require that notice be withheld from potential class members

merely because they signed an arbitration agreement.")). While *Beattie* involved

numerous opt-ins at the time it was decided, the relevant point for the present motion is

that the arbitration agreements signed by the two named Plaintiffs did not prevent the

court from ruling on, and granting, the named Plaintiffs' motion for conditional collective

action certification. *Id*. at *2.

> C.    **The Proper Approach is to Issue Notice, Group Plaintiffs Who May Have Signed Valid Arbitration Agreements, and Assess at Step Two.**

In contrast to Defendant's proposal to deny notice based on the *possibility* of

enforceable arbitration agreements, the Tenth Circuit framework provides for a process

consistent with the early-notice objectives of the FLSA: "[D]enying notice to potential

class members because their claims may be subject to arbitration strikes the Court as

patently unfair. Neither the FLSA nor the Tenth Circuit require that notice be withheld

from potential class members merely because they signed an arbitration agreement."

*Judd*, 2018 WL 7142193, at *5. Instead of ruling on arbitration issues at step one, "the

better course is to provide notice to all potential class members; group the class

members according to whether the individual has or has not signed an arbitration

agreement; and then determine whether arbitration is to be compelled." *Id.* at *6.

> II.    **The *String Cheese* Factors All Favor Staying Briefing on the Arbitration Motion Until Step Two.**

First, with respect to Defendant's interests, Defendant has no legitimate interest

in deviating from the two-step framework and deciding the arbitration issue before

7

notice, as it have its opportunity to make this argument (in a more efficient way) at step

two. There is no prejudice to Defendant in following the two-step process and deferring

this merits-based issue to the appropriate, post-notice, post-discovery, stage of the

case. But following Defendant's proposed re-ordering of the framework would prejudice

putative opt-ins by denying them notice of their FLSA rights while the clock potentially

runs and their claims potentially become extinguished. While the parties anticipate

entering into a tolling agreement during the pendency of the present motions (DN 28 ¶

7), this has not yet happened, and any such tolling would only be temporary and not

prevent the extinguishment of claims once the tolling period ends. Timely notice

remains a priority.

Second, with respect to the burden on Plaintiff's, addressing the merits of

Defendant's Motion to Compel Arbitration now would place an undue burden on Plaintiff

and counsel by inefficiently forcing them to potentially relitigate the same or similar

arbitration agreement repeatedly with respect to future opt-ins, while currently denying

them any discovery on the arbitration issue, such as by deposing the Vice President

whose declaration is the basis for Defendant's motion. (DN 13-1). Further, addressing

arbitration at this premature stage would burden opt-in Plaintiffs by prolonging the time

before they could receive notice of their FLSA rights.

Third, with the respect to the convenience to the Court, Plaintiff's proposal to

follow the two-step framework maximizes judicial efficiency, as it groups all arbitration

briefing to one motion at step two, rather than through potentially piecemeal motions

and briefing that could arise if Defendant contends opt-in Plaintiffs signed arbitration

agreements.

Fourth, with respect to the interests of non-parties, given the remedial purposes

of the FLSA, Plaintiff's proposal benefits putative opt-in Plaintiffs by ensuring that they

will receive timely notice of their rights. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S.

165, 171-72 (1989) (To foster the "broad remedial purpose" of the FLSA, discussing the

importance of courts being involved in the notice process early to insure "timely,

accurate, and informative" notice to help control the litigation.)

Fifth, the public interest is served by Plaintiff's proposal, because it maximizes

the efficiency of judicial resources (avoiding multiple piecemeal arbitration motions)

while reinforcing precedent in FLSA collective actions in the Tenth Circuit and this court.

Accordingly, all String Cheese factors support Plaintiff's proposed stay.

### III.    Alternatively, The Court Should Deny Defendant's Motion Without Prejudice to Refiling at Step Two.

For the same reasons set forth above regarding the proper timing for a decision

on arbitration issues within the Tenth Circuit's *ad hoc* framework, as an alternative to

staying briefing on the Motion to Compel Arbitration, the Court should deny the motion

without prejudice to refiling at step two. This approach makes good sense, as

Defendant would potentially need to amend its Motion to address opt-in Plaintiffs who

may have purportedly signed arbitration agreements.

### CONCLUSION

Accordingly, the Court should enter an Order (1) staying briefing on Defendant's

Motion to Compel Arbitration (DN 13) until after a decision on Plaintiff's pending step

one Motion for Conditional Collective Action Certification and Judicial Notice (DN 14)

and the completion of any ensuing notice period, or alternatively, (2) deny Defendant's

Motion to Compel Arbitration without prejudice to refiling at step two.

Respectfully Submitted,

/s/Zev H. Antell
Zev H. Antell (VSB No. 74634)
Butler Curwood, PLC
140 Virginia Street, Suite 302
Richmond, VA 23219
Tel: 804-648-4848; Fax: 804-237-1413
Email:  zev@butlercurwood.com

/s/Timothy Lawrence Coffield
Timothy Lawrence Coffield (VSB 83430)
Coffield PLC
106-F Melbourne Park Circle
Charlottesville, VA 22901
p: (434) 218-3133; f: (434) 321-1636
tc@coffieldlaw.com

Counsel for Plaintiff and Putative Class and Collective

## CERTIFICATE OF CONFERRAL UNDER LOCAL RULES

Pursuant to D.C.Colo.LCivR 7.1(a), I hereby certify that I conferred with Defendant's
counsel regarding the relief requested in the forgoing Motion, including by video
conference, and via a telephonic status conference with Magistrate Judge Prose on
January 9, 2025. Defendant opposes the requested relief.

/s/Timothy Lawrence Coffield
Counsel for Plaintiff and Putative Class and Collective

10

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 10, 2025 a true and correct copy of the foregoing was filed using the Court's CM/ECF system, which will send Notification of Electronic Filing (NEF) to all counsel of record.

/s/Timothy Lawrence Coffield
Counsel for Plaintiff and Putative Class and Collective

11