UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO

**LOREN ALVAREZ,** on behalf of herself and all others similarly situated,

        Plaintiff,

v.

**TTEC SERVICES CORPORATION,**

        Defendant.

No. 1:24-cv-02847-PAB-SP

Hon. Philip A. Brimmer

Magistrate Judge Susan Prose

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY BRIEFING ON PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION**

Plaintiff's Opposition (ECF 32) to Defendant's Motion to Stay (ECF 31) fails to justify Plaintiff's desire to subject Defendant, putative opt-ins, and the Court to an inefficient and increasingly outdated approach to handling arbitration agreements signed by collective action plaintiffs. Tenth Circuit precedent does not require this approach, and the *String Cheese* factors weigh against it.[1]

---

[1] This Reply addresses the arguments in Plaintiff's Opposition to Defendant's Motion to Stay Briefing on Plaintiff's Motion for Conditional Collective Action Certification and Judicial Notice (ECF 32), including to the extent those arguments violate the Court's instruction to "focus exclusively on the issue of the timing for decisions on the substance of Plaintiff's Motion for Conditional Collective Action Certification and Defendant's Motion to Compel Arbitration, respectively." ECF 28 ¶ 4.

1

I.   ARGUMENT

   A.   **Plaintiff Continues to Misrepresent *Thiessen* as Mandatory**

Plaintiff's Opposition repeatedly portrays the two-stage approach discussed in *Thiessen* as the only acceptable path for a Court to take. *See, e.g.*, ECF 32 pp. 5, 7, 9, 12, 13 ("In the Tenth Circuit … arbitration agreements…are reserved for consideration at the second stage of the *ad hoc* framework."; "the Tenth Circuit Court of Appeals approved a two-stage '*ad hoc*' process"; "this established standard"; "the Tenth Circuit's *ad hoc* framework"; "the Tenth Circuit framework"). All the Tenth Circuit did in Thiessen was decide that it was not an abuse of discretion for a district court to use the *ad hoc* approach. *See In re Chipotle Mexican Grill, Inc.*, No. 17-1028, 2017 WL 4054144, at *2 (10th Cir. Mar. 27, 2017) ("Our ultimate holding on this issue was limited to finding 'no error' for 'adopting the ad hoc approach'; we did not adopt this approach as mandatory within our circuit.") District courts are not obligated to apply *Thiessen*.

Relatedly, Plaintiff ignores Defendant's argument that the *Thiessen*-approved framework is merely one option available to the Court in managing a putative collective action. *See id.*; ECF 31, p. 2.

   B.   **Plaintiff's Cases Do Not Support Denying Defendant's Motion**

The cases cited by Plaintiff in her Opposition do not warrant denial of Defendant's Motion to Stay. For example, in *Abdulina v. Eberl's Temp. Servs., Inc.*, No. 14-CV-00314-RM-NYW, 2015 WL 4624251 (D. Colo. Aug. 4, 2015) the Defendant had already acquiesced to conditional certification and was merely challenging the scope of the notice. *See id.*, at *2-3. The *Abdulina* decision is therefore not instructive here.

Unlike the present case, in *Beattie v. TTEC Healthcare Sols., Inc.*, No. 1:18-CV-03098-RM-NRN, 2019 WL 2866559 (D. Colo. July 3, 2019) "Numerous other Plaintiffs

2

have opted into the lawsuit". *Id*. at *1. Here, only one person's arbitration agreement is at issue: Plaintiff's. Plaintiff's reliance on *Beattie* to support her claim that her agreement to arbitrate "does not change the analysis" is therefore unavailing. ECF 32, p. 12. The fact that every claim in this lawsuit by every single Plaintiff (just Ms. Alvarez) can and should be adjudicated in arbitration is highly relevant to the order in which the Court should resolve the pending motions. Magistrate Judge Wang summarized the situation well in *Robertson*:

> If Chief Judge Brimmer grants the pending Motion to Compel Arbitration, thereby enforcing the Arbitration Agreement that prohibits class action lawsuits, any … briefing on conditional certification in the interim would be rendered useless—thus wasting <u>both</u> Parties' time and resources.

*Robertson*, 2020 WL 12630544, at *4 (emphasis in original).

As Plaintiff's own citations highlight, in *Sanchez* and *Beattie* not all of the named plaintiffs had signed arbitration agreements, reducing the efficiency of deciding a motion to compel arbitration prior to conditional certification. *See* ECF 32, p. 9; *Sanchez v. Simply Right, Inc.*, No. 15-CV-00974-RM-MEH, 2017 WL 2230079 (D. Colo. May 22, 2017) ("five of the seven named plaintiffs are subject to arbitration agreements, as are three of the declarants"); *Beattie v. TTEC Healthcare Sols., Inc.*, No. 1:18-CV-03098-RM-NRN, 2019 WL 2866559, at *1 (D. Colo. July 3, 2019) ("Numerous other Plaintiffs have opted into the lawsuit. … "[S]ome members signed an arbitration agreement.").

Plaintiff notes the recent decision in *Wilfong v. TTEC Services Corporation,* No. 1:24-CV-01076-CNS-KAS, 2025 WL 580474 (D. Colo. Feb. 21, 2025). Defendant believes this issue was wrongly decided in *Wilfong* and is currently weighing its option to appeal. In addition, the present suit is an even more compelling case to deviate from the *ad hoc* approach than *Wilfong* or *Sanchez* where at least some of the named plaintiffs did

3

not sign arbitration agreements. In *Wilfong,* the only named plaintiff did not sign an arbitration agreement, so there was no dispute that the named plaintiff's lawsuit would remain in court. *See id*. at *5 (defendant only moved to compel arbitration of some opt-ins, and did not include the only named plaintiff). Here, by contrast all Plaintiffs (Ms. Alvarez) and all claims in the lawsuit are subject to arbitration.

C. **Plaintiff's Attempts to Distinguish Defendant's Cases Fall Flat**

Plaintiff notes that *Ferrell v. SemGroup Corp.*, No. 19-CV-00610-GKF-JFJ, 2020 WL 8836056 (N.D. Okla. Apr. 22, 2020), a district court decision from within the Tenth Circuit, did not involve a pending motion for conditional certification. ECF 32, p. 10. This is a distinction without difference. Although the plaintiff in *Ferrell* had not yet filed a motion for conditional certification, the court gave direct consideration to the order in which a motion to compel arbitration and a motion for conditional certification should be decided:

> "As recognized by another court in this district, '[e]ven if the certification issue were fully briefed, the Court would inevitably address the issue of arbitration first.' *Reeves v. Enter. Products Partners, LP*, No. 19-CV-00570-JED-FHM (N.D. Okla. Jan. 13, 2020), Doc. 46, p. 2. Thus, a stay of the conditional certification briefing is appropriate."

*Id*. at *1. Plaintiff also ignores that *Ferrell* is an example of a post-*Thiessen* decision in which a district court in the Tenth Circuit granted a motion to stay collective action briefing to first decide a motion to compel arbitration. Indeed, neither *Ferrell* nor *Reeves* even cite to *Thiessen*, because the *ad hoc* approach it merely found not to constitute an abuse of discretion is not mandatory.

Plaintiff similarly attempts to mask *Robertson*'s significance. ECF 32, pp. 6-7. Although no conditional certification motion had been filed, the court considered conditional certification throughout its analysis of the *String Cheese* factors and ordered "a stay of this action pending resolution of [the] Motion to Compel Arbitration." Rob*ertson*

4

*v. REP Processing, LLC*, No. 19-CV-02910-PAB-NYW, 2020 WL 12630544, at *4 (D. Colo. Mar. 5, 2020). Plaintiff also attempts to paint *Robertson* as merely staying discovery, but the court held that "briefing on conditional certification in the interim would be rendered useless [if arbitration is compelled]—thus wasting <u>both</u> Parties' time and resources." *Id*. (emphasis in original). As in *Ferrell* and *Reeves*, the court in *Robertson* did not address *Thiessen* because it is not required to do so.

Finally, while Plaintiff latches on to the fact that some cases cited by Defendant focused on discovery stays, she ignores the underlying rationale of those decisions: when a fully dispositive motion is pending, a court should not waste time on unrelated, potentially moot motions like Plaintiff's Motion for Conditional Certification. *See Grosvenor v. Qwest Communs. Int'l, Inc.*, No. 09-cv-02848-WDM-KMT, 2010 WL 1413108, at *2 (D. Colo. Apr. 1, 2010 ("The court's time is not well-served by being involved in possible discovery motions and other incidents of discovery—particularly given the elevated supervisory role of a court in class action litigation—where, as here, a dispositive motion is pending."); *see also Valverde v. Xclusive Staffing, Inc.*, No. 16-cv-00671-RM-MJW, 2016 WL 8737774, at *3 (D. Colo. Nov. 4, 2016) ("the Court will have expended resources managing a complex class action suit unnecessarily in the absence of a stay"); *Cook v. PenSa, Inc.*, No. 13-cv-03282-RM-KMT, 2014 WL 1660480, at *2 (D. Colo. Apr. 25, 2014) ("judicial economy and resources would plainly be wasted if the court allowed discovery to proceed, only to later determine that Plaintiff['s] claims must be submitted to arbitration.").

### D. The Proper Approach is to Toll the Statute of Limitations, Decide the Motion to Compel, and, if Any Claims Remain, Brief Conditional Certification

Defendant is happy to engage in limited discovery the Court finds necessary to decide its Motion to Compel. Even if limited discovery is ordered, deciding the Motion to Compel—which can dispose of all claims for every individual who has joined this lawsuit (just Plaintiff)—is still more efficient. *First*, the Motion to Compel must be decided with respect to Plaintiff regardless of the outcome of the Motion for Conditional Certification. *Second*, if Conditional Certification is granted before the Motion to Compel is decided, scores of individuals may be misled into thinking they are joining a class/collective action they in fact chose to waive the right to join by agreeing to individual arbitration. *Third*, at minimum, the Motion to Compel or similar motions would have to be decided with respect to these additional individuals. Concerns regarding the statute of limitations can be addressed through a tolling agreement satisfactory to the Court.

### E. The String Cheese Factors Support Defendant's Approach

#### 1. Defendant's Many Legitimate Interests in the Stay

Plaintiff makes a technical argument that Defendant cannot complain of being subjected to premature and likely unnecessary discovery because Defendant has merely moved to stay briefing on conditional certification. ECF 32, p. 14. Defendant presumes (but perhaps should not) that it goes without saying that if conditional certification briefing is stayed, there will be no discovery related to conditional certification. Plaintiff's argument that Defendant has no legitimate interest in engaging in single plaintiff discovery in arbitration as opposed to class/collective-wide discovery falls similarly flat. *Id*. Defendant has an obvious, compelling, and legitimate interest in sparing itself the expense and burden of unnecessary litigation, and the scope of class/collective action discovery dwarfs

6

that of what Plaintiff agreed to arbitration on an individual basis. Relatedly, Plaintiff ignores Defendant's argument regarding the discrepancy in discovery that would take place in arbitration versus in this Court as a putative class/collective action. ECF 31, p. 5.

### 2. Plaintiff's Burden is Minimal

Plaintiff claims it would be inefficient to address the Motion to Compel now. ECF 32, p. 15, but does not explain why it would be more efficient to do so later. At some point—now or later—the Motion to Compel Ms. Alvarez to arbitration must be addressed. The burden on Plaintiff will be the same. Instead, Plaintiff claims to have been denied "any discovery on the issue." *Id*. Defendant is not aware of any request Plaintiff has made for discovery related to the Motion to Compel. Regardless, Defendant is happy to engage in any limited discovery the Court finds necessary to address the Motion to Compel. Similarly, Defendant again raises the statute of limitations with respect to potential future parties, which can be addressed via a tolling agreement. Plaintiff is notably silent with respect to Defendant's argument that the only actual Plaintiff (Ms. Alvarez) suffers zero prejudice with respect to the statute of limitations because it ceased to run once she filed this lawsuit. ECF 31, p. 4.

Plaintiff's fear of having to "potentially relitigate" the arbitration agreement "repeatedly" is too speculative to credit. First, no individuals have shown any interest in joining Plaintiff's lawsuit. Second, if the Motion to Compel is granted, there will be no lawsuit for future opt-ins to join. Third, the extent to which individualized issues arise in motions to compel any future opt-ins in no way depends on when the Motion to Compel Ms. Alvarez to arbitration is resolved.

Finally, Plaintiff ignores the fact that it would "behoove Plaintiff to know whether…he will even be able to file a motion for conditional certification…before

7

expending the time and resources on discovery, motions, and briefing on the same". *Robertson*, 2020 WL 12630544, at *2; ECF 31, p. 4.

### 3. Compelling Arbitration is the Court's Most Convenient Path

Plaintiff contents that the optional "two-step" *Thiessen* framework is more efficient for the Court than disposing of the entire lawsuit through the Motion to Compel. Even if the Motion to Compel is denied, that same motion would have had to have been addressed in step two under Plaintiff's approach anyway; the Court saves no time or effort by opting for Plaintiff's approach. Relatedly, there is no guarantee that "all arbitration briefing" could be grouped into one motion at step two (as Plaintiff claims), given potential individualized issues.

### 4. The Interest of Non-Parties Favors Defendant

Rather than engaging with Defendant's motion with respect to this factor, Plaintiff merely cites the interest in timely notice of rights. To the extent Plaintiff is referring to additional individuals who chose to waive their right to a class/collective action via arbitration agreements, not only do they not have a right to join this lawsuit, but providing notice leading them to think otherwise does them a disservice. Plaintiff also ignores that, because proceeding with conditional certification briefing would require significant discovery from nonparties, a stay of discovery would…protect these third parties from discovery requests and subpoenas. ECF 31, p. 6.

### 5. Plaintiff Ignores the Public Interest in Arbitration and Enforcing Contracts

Plaintiff ignores Defendant's arguments regarding the Federal Arbitration Act and the fact that "courts in this District have held under similar circumstances that the general public interest weighs in favor of a stay where permitting extensive discovery to continue on class action claims that would ultimately be barred upon the court granting a pending

8

Motion to Compel Arbitration would undermine the strong federal policy favoring arbitration for dispute resolution." *Robertson*, 2020 WL 12630544, at *4 (citations omitted). Rather than engaging with Defendant's motion with respect to this factor, Plaintiff merely claims her approach "maximizes the efficiency of judicial resources" (it does not) and reinforces FLSA precedent. ECF 32, p. 16. Not all precedent is good precedent; the Court should instead join the growing trend—both within this Circuit and beyond—of taking the rational and efficient approach of resolving a fully dispositive motion to compel arbitration before wading into the morass of conditional certification briefing and potential notice to hundreds of individuals (including many who are likely ineligible to join the lawsuit).

## II.  CONCLUSION

For the above reasons, and the reasons in Defendant's Motion to Stay (ECF 31), Defendant respectfully requests that this Court grant its Motion to Stay.

DATED: March 10, 2025

Respectfully submitted,

/s/ Arthur J. Rooney
Arthur J. Rooney
Adam J. Weiner
Perkins Coie LLP
110 North Wacker, Suite 3400
Chicago, IL 60606
Telephone: 312-263-5071
Facsimile: 312-324-9516
ARooney@perkinscoie.com
AWeiner@perkinscoie.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

      I, Arthur J. Rooney, hereby certify that on March 10, 2025, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

                                                            */s/ Arthur J. Rooney*
                                                            Arthur J. Rooney