**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO**

| | |
|---|---|
| **LOREN ALVAREZ,** on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**TTEC SERVICES CORPORATION,**<br><br>Defendant. | No. 1:24-cv-02847-PAB-SBP<br><br>Chief Judge Philip A. Brimmer<br><br>Magistrate Judge Susan Prose |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE
FIRST AMENDED COMPLAINT TO ADD/SUBSTITUTE TWO NAMED PLAINTIFFS**

Defendant TTEC Services Corporation ("TTEC" or "Defendant"), by and through its undersigned counsel, submits the following opposition (this "Opposition") to the Plaintiff's Motion for Leave to File First Amended Complaint to Add/Substitute Two Named Plaintiffs [ECF No. 52] (the "Motion").

**I.    INTRODUCTION**

As a general policy and practice, TTEC and its affiliates enter into arbitration agreements (collectively, the "Arbitration Agreements") with each and all of their employees during the employee onboarding process. The Arbitration Agreement used by TTEC has repeatedly been enforced by courts, including this Court.[1]

---

[1]    *See, e.g.*, ECF No. 51 (the "Arbitration Order"); *see also Beattie v. TTEC Healthcare Sols., Inc.*, No. 1:18-CV-01574-RM-SKC, 2019 WL 2189481, at *1 (D. Colo. May 21, 2019); *Stemmen v. TTEC Gov't Sols., LLC*, No. 2:23-CV-08806-SK, 2024 WL 1641978, at *5 (C.D. Cal. Mar. 7, 2024); *Fox v. TTEC Servs. Corp.*, No. 4:19-CV-00037-KGB, 2020 WL 13882107, at *1 (E.D. Ark. Apr. 10, 2020).

By their Motion, Plaintiffs seek leave to file an amended complaint, adding and substituting their original named plaintiff, Loren Alvarez ("Ms. Alvarez"), with opt-in Plaintiffs Guadalupe Vega ("Ms. Vega") and Lamis Baker ("Ms. Baker" and, collectively, "Plaintiffs"). But replacing Ms. Alvarez with the opt-in Plaintiffs does not cure the deficient Complaint. Ms. Baker and Ms. Vega, like Ms. Alvarez, are each subject to their own valid and enforceable Arbitration Agreements with TTEC and its affiliates. *See* ECF Nos. 46; 54. Presumably, and despite filing this action twelve months ago, Plaintiff has been unable to locate a potential named plaintiff who did not assent to TTEC's arbitration program.

Because the proposed amendment would still leave the Complaint deficient and vulnerable to further motions to dismiss, leave to amend the Complaint should not be granted, and the Motion should be denied.

**II.    BACKGROUND**

TTEC is an American customer experience technology and services company headquartered in Greenwood Village, Colorado. ECF 41-1, ¶ 2. TTEC provides customer service support to various company clients through employees who either work at customer care contact centers or work remotely around the country. *Id*.

As detailed in the Declaration of Gretchen Pfeifer filed at ECF No. 50-1, Ms. Baker is a former employee of TTEC Government Solutions LLC ("Government Solutions"), an affiliate of TTEC. Ms. Baker worked for Government Solutions as a "Business Processing Outsourcing Representative (Tier 1)" from her home near Houston, Texas. ECF No. 50-1, ¶ 6.

2

During the TTEC hiring and onboarding process, on June 21, 2021, Ms. Baker reviewed, completed, and signed the Arbitration Agreement through her individual Taleo Account. *Id.* ¶ 7. Ms. Baker agreed to arbitrate all employment-related claims, and to do so on an individual basis.

Ms. Vega is a current employee of Government Solutions. As detailed in the Declaration of Gretchen Pfeifer filed at ECF No. 55, Ms. Vega works for Government Solutions as a "TTGS26017.GS CSR Tier I – Bilingual" customer service representative from her home near San Diego, California. ECF No. 55, ¶ 6.

During the hiring and onboarding process with Government Solutions, on May 9, 2023, Ms. Vega reviewed, completed, and signed the Arbitration Agreement through her individual Taleo Account. *Id.* Ms. Vega agreed to arbitrate all employment-related claims, and to do so on an individual basis.

Notwithstanding their Arbitration Agreements, Ms. Baker and Ms. Vega consented to join the above-captioned case on May 14, 2025, and August 14, 2025, respectively. ECF Nos. 37, 48.

TTEC filed motions to compel arbitration with each of Ms. Baker and Ms. Vega on July 25, 2025, and September 24, 2025, respectively. ECF Nos. 46, 54.

On August 29, 2025, this Court granted TTEC's motion to enforce the *same* Arbitration Agreement with respect to the named plaintiff, Ms. Alvarez. *See* ECF 51.

**III.   ARGUMENT**

The general rule that leave to amend a complaint is freely granted does not apply where the proposed amendment would be futile. *See Foman v. Davis,* 371 U.S. 178, 182 (1962) (holding that leave to amend need not be freely given when amendment would be

3

futile); *see also DeHaan v. United States*, 3 F. App'x 729, 731 (10th Cir. 2001) (the district court did not abuse its discretion in refusing plaintiff's request for leave to amend his complaint where the amendment would be futile); *Rolland v. Carnation Bldg. Servs., Inc.*, No. 16-CV-00057-CMA-NYW, 2016 WL 1618142, at *1 (D. Colo. Feb. 29, 2016), *report and recommendation adopted*, No. 16-CV-00057-CMA-NYW, 2016 WL 1586558 (D. Colo. Apr. 20, 2016) ("While Rule 15(a)(2) provides that leave [to amend] shall be freely granted in the interests of justice, a court may deny a motion for leave to amend a complaint when the proposed amendment would be futile."). Whether leave to amend a complaint should be granted is within the trial court's discretion. *Christensen v. Taylor*, 811 F. App'x 501, 502 (10th Cir. 2020) (quoting *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990)).

An amendment is futile if it will not cure deficiencies or withstand a renewed motion to dismiss or otherwise fails to state a claim upon which relief may be granted. *Strasburg-Jarvis, Inc. v. Radiant Sys., Inc.*, No. 06-2552-KHV, 2008 WL 11383396, at *2 (D. Kan. May 12, 2008). In particular, courts in other circuits have found that, where an amended complaint would be subject to a binding arbitration agreement, the proposed amendment is futile. *See, e.g., Bautista v. PricewaterhouseCoopers LLP*, No. 3:24-CV-2593-D, 2025 WL 936658, at *4 (N.D. Tex. Mar. 27, 2025); *Halliburton & Assocs., Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 445 (11th Cir. 1985) ("The claims contained in the [amended] complaint are subject to the parties' agreement to arbitrate[.]"); *Newton v. LVMH Moet Hennessy Louis Vuitton Inc.*, 746 F.Supp.3d 135, 160 (S.D.N.Y. 2024) ("Proposed amendments may be futile if they ... would add claims subject to a binding arbitration agreement." (citation omitted)); *Slough v. Legacy Home Health Agency, Inc.*, 2021 WL

4

3367816, at *1 (S.D. Tex. Aug. 3, 2021) (dismissing claims based on binding arbitration agreement and noting that "even considering the proposed amended complaint, the disputes are subject to arbitration, and amendment would be futile."); *Lionheart Project Logistics, Inc. v. BBC Chartering USA, LLC*, 2011 WL 3739065, at *5 n.2 (S.D. Tex. Aug. 24, 2011) (compelling arbitration and denying as futile a motion for leave to file an amended complaint because claims in proposed amended complaint fell within scope of arbitration clause).

Here, the Plaintiffs' amendment of the Complaint to add Ms. Baker and Ms. Vega as named plaintiffs would not cure its main deficiency—that all parties are subject to arbitration agreements, making this an inappropriate forum in which to proceed with employment-related claims. Further, Plaintiffs assert no new facts to suggest that TTEC's motions to compel arbitration (filed at ECF Nos. 46 and 54) with Ms. Baker and Ms. Vega should not be granted.

Plaintiffs have tried to find an appropriate named plaintiff for the Complaint, and they have failed. Plaintiffs have provided no basis on which an amendment in this circumstance would be proper given that Ms. Baker and Ms. Vega are both subject to the same Arbitration Agreement as the first named plaintiff. Plaintiffs have not shown that there are additional facts they intend to assert that would overcome the Arbitration Agreement, which this Court already found was valid and enforceable as to Ms. Alvarez. Thus, any further amendment will serve only to increase costs for all parties. Accordingly, the request to further amend should be denied.

## IV. CONCLUSION

Ms. Baker's and Ms. Vega's Arbitration Agreements with TTEC compel individual arbitration of all employment-related claims and bar them from asserting such disputes as a putative class or collective action. TTEC therefore requests the Court deny Plaintiffs' Motion seeking to amend the Complaint to add/substitute Ms. Baker or Ms. Vega as named plaintiffs, as these Arbitration Agreements would render any such amendment futile.

DATED: October 3, 2025

Respectfully submitted,

*/s/ Arthur J. Rooney*
Arthur J. Rooney
Perkins Coie LLP
110 North Wacker, Suite 3400
Chicago, IL 60606
Telephone: 312-263-5071
Facsimile: 312-324-9516
Email: ARooney@perkinscoie.com

*Attorneys for Defendant*

6

**CERTIFICATE OF SERVICE**

    I, Arthur J. Rooney, hereby certify that on October 3, 2025, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

                                                        */s/ Arthur J. Rooney*
                                                        Arthur J. Rooney