UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

LOREN ALVAREZ, on behalf of herself and all others similarly situated,

Plaintiff,

v.

Case No. 1:24-cv-02847-PAB-SBP

TTEC SERVICES CORPORATION,

Defendants.

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS AND MOTION TO COMPEL PLAINTIFF VEGA TO ARBITRATION (DN 54)**

Opt-in Plaintiff Guadalupe Vega ("Plaintiff" or "Vega") respectfully opposes Defendant's Motion to Compel Arbitration and Motion to Dismiss Pursuant to Rule 12(b)(6). (DN 54).

**SUMMARY OF ARGUMENT**

Defendant's Motion to Dismiss should be denied because:

(1) This motion to dismiss pursuant to Rule 12(b)(6), referenced only in the title of TTEC's motion, should be denied because TTEC waives this argument by failing to advance it or cite authorities in its brief.

Defendant's Motion to Compel (and dismiss pursuant to Rule 12(b)(1)) should be denied because:

(1) The Court has not yet ruled on Plaintiffs' Motion for Leave to Amend to add Plaintiff Vega and her fellow opt-in Plaintiff Lamis Baker as named Plaintiffs (DN 52). If said motion is granted, Plaintiffs intend to refile their motion for conditional collective action certification (previously denied without prejudice). Courts in this Circuit, including

1

this Court (and as recently as February 21, 2025, in an FLSA case involving the same Defendant), hold that arbitration issues are merits-based determinations reserved for <u>after</u> a decision on conditional certification;

(2) Defendant has not fulfilled its burden of showing that Plaintiff Vega agreed to the terms of the purported arbitration agreement;

(3) Defendant's contentions about its electronic process for obtaining assent to arbitration terms have not been tested in discovery; and

(4) The arbitration agreement at issue is substantively and procedurally unconscionable.

Accordingly, the motion to compel arbitration should be denied, with prejudice as to reasons (2) and (4), or without prejudice as to reasons (1) and (3).[1]

## BACKGROUND

In this putative class and collective action, Named Plaintiff Alvarez asserts that TTEC violated overtime and regular wage laws by requiring remote workers to purchase, as a condition of employment, without reimbursement, tools which are specifically required by Defendant for the performance of its work. (DN 1 ¶¶ 81-108.) Plaintiff asserts this policy and practice resulted and results in these employees receiving less overtime and regular wages than they are entitled to receive under the FLSA and state wage laws, as the tool costs cut into the overtime and regular wages paid to them. *See* 29 C.F.R. § 531.35.

---

[1] The arguments contained herein are substantially similar to those proffered by Ms. Baker in support of her opposition to TTECH's Motion to Compel her to Arbitration. (DN. 49)

2

TTEC moves to compel Opt-In Plaintiff Vega to arbitrate her claims. In support of its motion, TTEC has produced an unsigned, undated arbitration agreement. For her part, Plaintiff Vega has no recollection of ever seeing any TTEC arbitration agreement nor ever agreeing to one. Further, she has reviewed her personal records and has found no TTEC arbitration agreement, signed or otherwise, in her records. *See* Declaration of Guadalupe Vega, attached as Exhibit 1.

## LEGAL STANDARD

TTEC moves to compel under the Federal Arbitration Act ("FAA"). The FAA provides generally that arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U. S. C. § 2. "The issue of whether an arbitration agreement was formed between the parties must always be decided by a court, regardless of whether the alleged agreement contained a delegation clause or whether one of the parties specifically challenged such a clause." *Fedor v. United Healthcare, Inc.,* 976 F.3d 1100, 1105 (10th Cir. 2020) (citation omitted).

## ARGUMENT

**1.    The Motion To Dismiss Should Be Denied.**

As an initial matter, TTEC appears to move to dismiss Vega's claims under Rule 12(b)(6). (DN 54 at title.) TTEC references 12(b)(6) only in its title. It waives this motion and argument by not advancing it or citing any authorities for it in its brief. The Rule 12(b)(6) motion should therefore be denied.

**2.    The Court Should Reserve Arbitration Issues To Step Two of the Conditional Certification Process.**

3

In light of the pending Motion for Leave to Amend to add Plaintiffs Vega and Baker as named Plaintiffs, Plaintiff respectfully renews the argument that the Court should reserve deciding arbitration issues in this case to step two of the conditional certification framework. (See DN 29.) In the Tenth Circuit, "the issue of whether putative class members are subject to arbitration agreements should be raised at the second stage of the certification analysis." *Judd v. KeyPoint Gov't Sols., Inc.*, No. 18-CV-00327-RM-STV, 2018 WL 4383037, at *12 (D. Colo. July 30, 2018), report and recommendation adopted, No. 18-CV-00327-RM-STV, 2018 WL 7142193 (D. Colo. Dec. 4, 2018). *Wilfong v. TTEC Services Corporation*, No. 1:24-CV-01076-CNS-KAS, 2025 WL 580474, at *6 n2 (D. Colo. Feb. 21, 2025) ("As explained above, the Court will not address the binding nature of the arbitration agreements until the second stage.")

Renewing this argument is appropriate because should the Court grants Plaintiffs' motion to make Baker and Vega named Plaintiffs, Plaintiffs intend to refile and renew their motion for conditional collective action certification, which was previously denied without prejudice, at DN 51 at 18.

In denying Plaintiff's motion to prior motion stay briefing on the motion to compel arbitration until the second stage of the certification analysis, the Court based its reasoning on Named Plaintiff Alvarez's previous status as the lone (and representative) plaintiff:

> It is true that the "the issue of whether putative class members are subject to arbitration agreements should be raised at the second stage of the certification analysis." *Judd v. KeyPoint Gov't Sols., Inc.*, No. 18-cv-00327-RM-STV, 2018 WL 4383037, at *12 (D. Colo. July 30, 2018), *report and recommendation adopted*, 2018 WL 7142193 (D. Colo. Dec. 4, 2018). However, here, TTEC does not seek to compel arbitration of putative collective members' claims, but rather seeks to compel arbitration of the representative plaintiff's claims. *See* Docket No. 13 at 12-19. The cases cited by Ms. Alvarez are inapposite because the defendants in

4

such cases did not move to compel arbitration of the representative plaintiff's claims. *See* Docket No. 29 at 7-10.

*Alvarez v. TTEC Servs. Corp.,* No. 24-CV-02847-PAB-SBP, 2025 WL 1563712, at *3 (D. Colo. June 2, 2025). In response to Plaintiff's argument that Plaintiff Alvarez's purported arbitration agreement did not change the analysis that arbitration issues are reserved for step two, the Court based its reasoning on the absence of any opt-in plaintiffs at the time the parties briefed the issue:

> Ms. Alvarez cites *Beattie v. TTEC Healthcare Sols., Inc.*, No. 18-cv-03098-RM-NRN, 2019 WL 2866559, at *2 (D. Colo. July 3, 2019), for the proposition that "arbitration agreements signed by the two named Plaintiffs did not prevent the court from ruling on, and granting, the named Plaintiffs' motion for conditional collective action certification." *Id*. at 11. However, as Ms. Alvarez notes, *"Beattie* involved numerous opt-ins at the time it was decided." *Id.* In ruling on the plaintiffs' motion for conditional certification of the collective, *Beattie* found that, "as this Court recently concluded in another case, '[t]he fact that claims *not presently before the Court* may be ordered to arbitration at a later date does not require that notice be withheld from potential members of the collective under the FLSA's long-established procedures for doing so, merely because some members signed an arbitration agreement.' " *Beattie*, 2019 WL 2866559, at *1 (emphasis added) (quoting *Judd*, 2018 WL 7142193, at *6).

> By contrast, here, TTEC moves to compel the arbitration of Ms. Alvarez's claims, which are presently before the Court. Because Ms. Alvarez is the representative plaintiff, if the Court were to grant TTEC's motion to compel arbitration, she would lack "any personal interest in prosecuting this action in this Court on behalf of others who have yet to opt in" and her motion for conditional certification would be denied as moot.

Alvarez, 2025 WL 1563712, at *3 (cites omitted). The circumstances underlying the Court's analysis have changed, as the Court has not ruled on the motions to compel Plaintiffs Baker and Vega to arbitration, Plaintiffs have moved to elevate Baker and Vega to named Plaintiffs in the case.

5

Thus, the case could move forward with Plaintiffs Baker and Vega as the representative plaintiffs, subject to the Court permitting that amendment to the complaint, and refiling the motion for conditional certification.

The Court should reserve ruling on any arbitration motions until the motion for conditional certification is decided, any notice has been issued, and the full composition of the case is known. This would eliminate the need for continuously filing and litigating multiple arbitration motions over the course of the case. *See, e.g., Wilson v. Yellow Transp*., Inc., No. 06-2281-CM, 2007 WL 445197 (D. Ks. Jan. 29, 2007) ("Rather than granting plaintiff's motion to stay briefing, however, the court will deny without prejudice the motions to compel arbitration."). At a minimum, any order by the Court on the present motion should not preclude any opt-in plaintiffs from joining the case or preclude Plaintiffs from moving to amend to add/substitute additional named Plaintiffs.

3. **Defendant Has Not Fulfilled its Burden of Showing that Plaintiff Signed the Arbitration Agreement at Issue.**

As noted above, "The issue of whether an arbitration agreement was formed between the parties must always be decided by a court[.]" *Fedor,* 976 F.3d 1100, 1105 (10th Cir. 2020) (citation omitted).

Vega worked, lived, and would have assented to arbitration in California. As in most, or perhaps all states, California requires mutual consideration as a necessary element of contract formation. *See Nunez v. Nariv Amin*, 2024 Cal. Super. LEXIS 57148; 2024 LX 156088 *5*. "Mutual assent usually is manifested by an offer communicated to the offeree and an acceptance communicated to the offeror." Donovan v. Rrl Corp., 26 Cal. 4th 261, 270-271 (2001)

6

Defendant has not shown that Vega assented to the agreement. TTEC has produced a five-page unsigned, undated boilerplate arbitration agreement. (DN 55-1 at 6-10.) The only parties to the agreement are TTEC Holdings, Inc., and "the employee". (Id. at 6.)

TTEC asserts that Vega electronically signed the agreement on May 9, 2023 at 10:18 a.m., and states by way of a declaration from Gretchen Pfeifer, a Vice President of Human Capital that Vega "had to have logged in to her Taleo account using her unique password and corresponding personal email address. The electronic signature applied to the eSignature page and Arbitration Agreement is the act of the applicant." (DN 55 at 3).  TTEC has also produced a supposed acceptance page as an exhibit to same. (DN 55-1 at 2).

The declaration further describes TTEC's process for obtaining electronic signatures during its "pre-offer and post-offer stage of the hiring process." (DN 55 at 2). To be clear, Defendant produced a document indicating that Plaintiff signed a "job submission" on May 9, 2023, at 10:18 a.m. It contains no reference to the arbitration agreement but does indicate that she consented to anything. (DN 55-1 at 2)   In fact, none of the documents produced by Defendant show an electronic signature from Plaintiff on the arbitration agreement itself, nor do what  Ms. Pfeifer refers to  as Plaintiff's "electronic signature records" (DN 55 at 3) indicate what documents the signature records relate to.[2]

---

[2] See DN 55-1 at 12-14.  The "electronic signature records" do not indicate on their face what they regard or relate to.

By contrast, Vega's declaration supports the conclusion that she did not assent to the arbitration document at issue. Similarly, Vega has no recollection of ever seeing an arbitration agreement with TTEC, much less signing one. *See* Ex. 1.

For these reasons, TTEC has failed to establish that Plaintiff Vega agreed to the purported arbitration agreement and the motion to compel Plaintiff Vega to arbitration should be denied with prejudice. Alternatively, as set forth next, discovery should proceed, and an evidentiary hearing should be held to determine if TTEC can meet its burden to prove formation of the arbitration contract.

**4.     TTEC's Contentions Regarding the Electronic Signature Process Have Not Been Tested in Discovery.**

Should the Court find that the current record is inconclusive as to whether Vega e-signed the arbitration agreement, the Court should deny the motion to compel without prejudice so that she can test TTEC's contention that she signed the agreement through discovery. Plaintiff has issued written discovery requests that bear on this issue, and a deposition of Defendant's Vice President and declarant and Defendant's IT personnel may be necessary to test TTEC's contentions regarding the electronic records attached to TTEC's motion to compel.

Given Plaintiff's declaration, the unsigned state of the arbitration agreement on which Defendant relies, and the lack of reference in Plaintiff's activity history to her signing an arbitration agreement, reserving this issue pending further development of the factual record is appropriate.

**5.     The Arbitration Agreement Cannot Be Enforced Because It Is Substantively and Procedurally Unconscionable.**

8

"'Substantively unconscionable terms may take various forms, but may generally be described as unfairly one-sided.[….] In assessing substantive unconscionability, the paramount consideration is mutuality." *Pinela v. Neiman Marcus Grp.*, Inc., 238 Cal. App. 4th 227, 241 (2015) (citations omitted). "Procedural unconscionability focuses on whether there is "oppression" arising from an inequality of bargaining power or "surprise" arising from buried terms in a complex printed form." *McManus v. CIBC World Mkts. Corp.*, 109 Cal. App. 4th 76, 87 (2003).

TTEC's arbitration agreement is procedurally unconscionable. As noted above, TTEC has not produced the e-signature page that it claims Vega was shown to sign the agreement. If TTEC cannot produce this, the motion should be denied because TTEC has failed to show what it claims Vega signed. But regardless of that, the agreement remains procedurally unconscionable because the e-signature page confusingly and unfairly conflates a required signature from the employee certifying that the "information provided in this application, and in my resume … is true and correct" with a signature agreeing to TTEC's arbitration agreement:

> I certify that all information provided in this application, and in my resume, curriculum vitae or other documentation provided to TTEC, is true and complete. I understand that any misrepresentation, falsification or omission of relevant information may disqualify me from further consideration of employment, and may result in my dismissal if discovered at a later date.
>
> By entering my full name and unique identifier below, I certify that I have read, understand and agree to the foregoing, and, to the best of my knowledge and belief, the information that I have provided is true and correct.
>
> Please review TTEC's Arbitration Agreement **here.**
>
> By entering my full name and unique identifier below, I certify that I have read, understand and agree to the foregoing Arbitration Agreement and understand that accepting employment and working for TTEC, I agree to the terms and conditions of the Arbitration Agreement.

(DN 55-1 at 4.) Thus, an employee who is signing simply to certify that the information provided in their application is true, is also deemed to be agreeing to an arbitration agreement they may or may not have seen. There is no option to confirm the

9

truth of the statements in their application separately from agreeing to arbitration. This potentially deceptive conflation renders the agreement procedurally unconscionable.

The agreement is substantively unconscionable because it restricts the employee's access to discovery, compared to what would be available in court under the Federal Rules. "Other courts have found arbitration provisions substantively unconscionable in part because of limitations on discovery." *Ostroff v. Alterra Healthcare Corp.,* 433 F. Supp. 2d 538, 546 (E.D. Pa. 2006) (citing *Walker v. Ryan's Fam. Steak Houses, Inc.*, 400 F.3d 370, 387 (6th Cir. 2005) ("[T]he limited discovery that the … forum provides could significantly prejudice employees or applicants. The rules allow just one deposition as of right and additional depositions only at the discretion of the (arguably biased) panel …"); *Domingo v. Ameriquest Mortg. Co.*, 70 Fed.Appx. 919, 920 (9th Cir.2003) (arbitration provision voided in part because of limits on discovery); *Geiger v. Ryan's Family Steak Houses, Inc.*, 134 F.Supp.2d 985, 996 (S.D.Ind.2001) (arbitration provision voided in part because discovery only allowed one deposition as of right); *Hooters of America*, 39 F.Supp.2d at 614 (arbitration provision voided in part because of limits on discovery); and *Booker v. Robert Half Int'l, Inc.*, 315 F.Supp.2d 94, 103 (D.D.C. 2004) ("Thus, one requirement for an enforceable arbitration agreement is more than minimal discovery be permitted.") See also *Hoffman v. Cargill, Inc.*, 968 F.Supp. 465, 475 (N.D.Iowa 1997) ("Although arbitration proceedings may, and often do, provide much more limited discovery procedures than is common in regular court proceedings, a party must be provided a fair opportunity to present its claims.").

TTEC's arbitration agreement severely, and improperly, limits discovery:

10

> **5.0 Discovery**
>
> Each party may take the deposition of two individual fact witnesses and any expert witness designated by another party. Each party may also propound requests production of documents, and each party may subpoena witnesses and documents for discovery or the arbitration hearing, including testimony and documents relevant to the case from third parties. Additional discovery may be conducted by mutual stipulation, and the Arbitrator will have exclusive authority to entertain requests for additional discovery, and to grant or deny such requests, based on the arbitrator's determination whether additional discovery is warranted by the circumstances of a particular case.

(DN 55-1 at 8.) While it permits document requests and subpoenas, it allows only two fact depositions, and no interrogatories or requests for admissions. Additional discovery is only available by "mutual stipulation" or if granted by the Arbitrator in its "exclusive authority". (Id.) These limitations would unfairly limit Plaintiff's ability to substantively gather relevant evidence and present her case. Interrogatories are needed to identify witnesses and to gather information to prove TTEC's alleged policy of not reimbursing for tools and equipment, to itemize the relevant requirements of remote workers regarding internet speed and related computer equipment, and to interpret and explain TTEC's pay data (including overtime data and any reimbursement data). Further, Plaintiff may need to depose more than two fact witnesses to prove the policy at issue and damages stemming from the same, and to test any contentions by TTEC that it was not required to reimburse for the tools and equipment at issue. The agreement's limitations on discovery therefore render the agreement substantively unconscionable, and thus, unenforceable

## CONCLUSION

Accordingly, the Court should deny Defendant's Motion to Dismiss and Motion to Compel Plaintiff Vega to Arbitration (DN 54).

Respectfully Submitted,

*/s/Zev Antell*
Craig Juraj Curwood (VSB No. 43975)
Zev Antell (VSB No. 74634)

11

ButlerCurwood, PLC
140 Virginia Street, Suite 302
Richmond, VA 23219
Tel: 804.648.4848
Fax: 804-237-0413
Email: zev@butlercurwood.com
craig@butlercurwood.com

Timothy Lawrence Coffield (VSB No. 83430)
Coffield PLC
106-F Melbourne Park Circle
Charlottesville, VA 22901
p: (434) 218-3133; f: (434) 321-1636
Email: tc@coffieldlaw.com

Counsel for Plaintiffs and Putative Class and Collective

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on October 7, 2025 a true and correct copy of the foregoing was filed using the Court's CM/ECF system, which will send Notification of Electronic Filing (NEF) to all counsel of record.

*/s/Zev Antell*
Counsel for Plaintiffs and Putative Class and Collective