UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO

| | |
|---|---|
| **LOREN ALVAREZ,** on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**TTEC SERVICES CORPORATION,**<br><br>Defendant. | No. 1:24-cv-02847-PAB-SBP<br><br>Chief Judge Philip A. Brimmer<br><br>Magistrate Judge Susan Prose |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION
WITH GUADALUPE VEGA AND TO DISMISS HER FROM THE CASE**

Defendant TTEC Services Corporation ("TTEC" or "Defendant"), by and through its undersigned counsel, submits the following reply (this "Reply") in support of its motion to compel arbitration with Guadalupe Vega [ECF No. 54] (the "Motion").

**I.   INTRODUCTION**

Opt-in plaintiff Guadalupe Vega ("Ms. Vega" or "Plaintiff")—an employee of TTEC Government Solutions, LLC ("Government Solutions"), an affiliate of TTEC—should be compelled to arbitrate her claims in this dispute in accordance with her contractual duties. At the beginning of her employment with TTEC, Ms. Vega entered into a valid arbitration agreement (the "Arbitration Agreement"), which requires Ms. Vega to individually arbitrate *any* dispute arising out of, or in connection with, *any* aspect of her employment. Despite this, in her opposition to the Motion [ECF No. 57] (the "Opposition"), Ms. Vega contends that she should not be compelled to arbitrate her employment dispute for the following reasons: the Court has not yet ruled on Plaintiff's motion for leave to file an amended

complaint to add or substitute two named plaintiffs [ECF No. 52] (the "Motion to Amend");[1] there is not sufficient evidence that Ms. Vega agreed to the terms of the Arbitration Agreement; TTEC's process for obtaining Ms. Vega's assent has "not been tested" in discovery; and the Arbitration Agreement is procedurally and substantively unconscionable. Plaintiff also argues that Ms. Vega should be entitled to stall performance of her contractual obligations until step two of the conditional certification framework if the pending Motion to Amend is granted. None of these arguments are availing, and this Court should grant TTEC's Motion.[2]

## II.   ARGUMENT

As an initial matter, this Court has already addressed and dismissed Plaintiff's argument that arbitration issues should be delayed until step two of the conditional certification framework. Regardless, TTEC has presented sufficient credible evidence that Ms. Vega entered into an enforceable Arbitration Agreement, which Ms. Vega has failed to raise a genuine issue of material fact regarding. Because that agreement is neither procedurally nor substantively unconscionable, Ms. Vega—like Ms. Alvarez—must be compelled to arbitrate her claims.

### A.   This Court's Prior Decision Must Stand.

As a threshold issue, Ms. Vega seeks to re-introduce an argument that this Court has already addressed and dismissed. *See Alvarez v. TTEC Servs. Corp.,* No. 24-CV-

---

[1]   As noted in Defendant's opposition to the Motion to Amend filed at ECF No. 56, both of the individuals whom Plaintiff seeks to add to the Complaint—Ms. Vega and opt-in plaintiff Lamis Baker ("Ms. Baker")—signed Arbitration Agreements, just like the original named plaintiff, Loren Alvarez ("Ms. Alvarez"). On August 29, 2025, this Court entered an order directing Ms. Alvarez to arbitrate her claims against TTEC.

[2]   Because the arguments in the Opposition are substantially similar to the Plaintiffs' opposition to the Motion to Compel Ms. Baker to Arbitration [ECF No. 49], the arguments contained herein are substantially similar to the Defendant's reply filed at ECF No. 50.

02847-PAB-SBP, at *3 (D. Colo. June 2, 2025). Plaintiffs note that, if their Motion to Amend is granted, they intend to refile and renew their motion for conditional collective action certification, which was previously denied without prejudice. ECF No. 51. In anticipation of this renewal, Plaintiffs again argue that arbitration issues should be reserved for step two of the conditional certification process—this time, because of Plaintiff's pending Motion to Amend. *See* ECF No. 36, p. 6. But the proposed amendment does not cure the flaws in the Complaint.[3] It remains the case that if TTEC's motions to compel arbitration with Ms. Vega and Ms. Baker are granted, just as the motion to compel arbitration was granted with respect to prior named plaintiff Ms. Alvarez, all plaintiffs would "lack any personal interest in prosecuting this action in this Court on behalf of others who have yet to opt in," which would render the Motion to Amend futile, and which would continue to moot Plaintiff's motion for conditional certification. *Alvarez*, 2025 WL 1563712, at *3 (citations and quotations omitted). Thus, Plaintiff's attempt to again renew this argument—this time on behalf of Ms. Vega—must be denied.

    **B.    Nevertheless, TTEC Has Presented Sufficient Credible Evidence of an Enforceable Arbitration Agreement That Ms. Vega Agreed To.**

Motions to compel arbitration and motions for summary judgment are governed under a similar standard. *See Stein v. Burt-Kuni One, LLC*, 396 F. Supp. 2d 1211, 1213 (D. Colo. 2005). TTEC must initially "present evidence sufficient to demonstrate an enforceable arbitration agreement." *Id.* Then, once such evidence is presented, the burden shifts to Plaintiff, who must "raise a genuine issue of material fact as to the making

---

[3] Defendant respectfully points this Court to Defendant's opposition to the Motion to Amend filed at ECF No. 56, and incorporates those arguments herein by reference.

of the agreement." *Id.* TTEC has introduced sufficient evidence of an enforceable agreement with Ms. Vega, which Plaintiff has failed to raise a genuine issue of material fact regarding.

> **i. TTEC's recordkeeping process provides sufficient credible evidence that Ms. Vega accepted the Arbitration Agreement.**

As sufficient credible evidence, TTEC is entitled to rely on employee records to demonstrate that Ms. Vega accepted the Arbitration Agreement during her employee orientation. *See Petrie v. GoSmith, Inc.*, 360 F. Supp. 3d 1159, 1162–63 (D. Colo. 2019) (granting motion to compel where "[d]efendant's position is supported by data it routinely collects"); *Vernon v. Qwest Commc'ns Int'l, Inc.*, 857 F. Supp. 2d 1135, 1147–51 (D. Colo. 2012), *aff'd,* 925 F. Supp. 2d 1185 (D. Colo. 2013) (finding sufficient credible evidence of an enforceable agreement where defendants described onboarding and provided records showing plaintiffs had "affirmatively accepted the [agreement]").

Here, TTEC has presented data-backed evidence that its post-offer hiring and onboarding process requires new hires, including Ms. Vega, to review and accept the Arbitration Agreement. Specifically, TTEC's onboarding process requires applicants who have received an offer of employment to review the Arbitration Agreement as a mandatory step. *See* ECF No. 55, Declaration of Gretchen Pfeifer ("Pfeifer Decl."), ¶ 5. The certification form further includes a link to the Arbitration Agreement, which reminds applicants that their certification constitutes an agreement to the terms and conditions of the Arbitration Agreement. *See id.* at Ex. B. TTEC's electronic records show that Ms. Vega completed her certification form—thereby accepting the terms of the Arbitration Agreement—on May 9, 2023, 10:18 a.m. *See id.* at Ex. A. Not only was Ms. Vega's e-

4

signature captured in Ms. Vega's General Profile, it was also registered via Taleo's tracking system, which generates an individual number for e-signatures. *See id.* at Ex. D. Here, Ms. Vega's e-signature was traced by the Taleo system back to her via her unique IP address. *Id.*; *see also id.* at Ex. A.

Plaintiff claims that the foregoing process used for Ms. Vega has not been "tested in discovery." ECF No. 57 at p. 2. But in actuality, TTEC's process has already been repeatedly endorsed by the courts, including this Court. *See, e.g.*, *Loren Alvarez et al. v. TTEC Services Corp.*, Case No. 24-CV-02847-PAB-SBP (D. Colo. Aug. 29, 2025); *Beattie v. TTEC Healthcare Sols., Inc.*, No. 1:18-CV-01574-RM-SKC, at *2 (D. Colo. May 21, 2019) (finding that TTEC had shown plaintiffs' assent through the same "employee data they routinely collect"); *Fox v. TTEC Servs. Corp.*, No. 4:19-CV-00037-KGB, at *6 (E.D. Ark. Apr. 10, 2020) (finding that "[t]he objective evidence in this case—specifically, the arbitration certificates and training records" showed that plaintiffs had "signed a valid and enforceable arbitration agreement"); *Stemmen v. TTEC Gov't Sols., LLC*, No. 2:23-CV-08806-SK, at *3 (C.D. Cal. Mar. 7, 2024), *reconsideration denied sub nom. Den Stemmen v. TTEC Gov't Sols., LLC*, No. 2:23-CV-08806-SK (C.D. Cal. July 17, 2024).[4]

      **i. Neither the lack of a wet ink signature nor Ms. Vega's failure to recall signing the Arbitration Agreement raises a genuine issue of material fact as to her agreement to its terms.**

Despite the data-backed evidence presented by TTEC, Ms. Vega denies that she agreed to arbitration. First, Plaintiff argues that the Arbitration Agreement lacks

---

[4] However, to the extent that the Court requires further discovery regarding TTEC's certification process, TTEC would accept limited discovery on this issue.

Ms. Vega's direct signature. ECF No. 57, p. 3. Second, Plaintiff alleges that Ms. Vega has no memory of ever signing an arbitration agreement. *See id.* Neither contention creates a genuine issue of material fact as to the making of the agreement Ms. Vega entered into.

### 1. Arbitration agreements are enforceable without a wet ink signature.

Courts have routinely held that electronic arbitration agreements are enforceable without a wet ink signature. *See, e.g.*, *Urbanic v. Travelers Ins. Co.*, No. 10-CV-02368-WYD-MJW, at *8 (D. Colo. May 6, 2011) (stating that "an electronic assent or agreement, as opposed to executing a piece of paper, has been found valid by many courts including this Court."). As such, courts have routinely granted motions to compel in factually similar contexts, such as where electronic agreement from employees was obtained as part of onboarding processes. *See, e.g.*, *Mitchell v. Craftworks Restaurants & Breweries, Inc.*, No. CV 18-879 (RC), at *5-10 (D.D.C. Oct. 25, 2018) (granting motion to compel arbitration where employees digitally agreed to arbitration during onboarding by using their employee account).

### 2. Ms. Vega's failure to recall the Arbitration Agreement she agreed to must not be credited.

Moreover, Ms. Vega's failure to accurately recall the Arbitration Agreement she agreed to must not be credited. Courts have consistently held that, as a matter of law, lapses in recollection do not excuse a party from agreements to which they are bound. *See Ladymon v. Lewis*, No. 05-16-00776-CV, 2017 WL 3097652 (Tex. App. July 21, 2017) (finding that although "appellees did not 'recall' signing documents requiring arbitration" the evidence "established a contract between the parties containing a valid arbitration agreement"); *Vernon*, 857 F. Supp. 2d at 1152 (finding that plaintiffs could not

6

"demonstrate a lack of mutual assent" by claiming to not recall an agreement). Plaintiff argues that Ms. Vega does not recall the Arbitration Agreement. But Ms. Vega's failure to accurately recall the Arbitration Agreement does not create a genuine issue of material fact regarding its creation.

### B. The Arbitration Agreement is both procedurally and substantively fair.

As an initial matter, the Arbitration Agreement provides the arbitrator with the sole authority to determine whether the Arbitration Agreement is unconscionable. *See* ECF No. 54 at p. 9 ("Such claims should be addressed by the arbitrator."). Setting that aside, the Arbitration Agreement is neither procedurally nor substantively unconscionable, and a finding of unconscionability requires both. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 340 (2011); *L.O.D.C. Grp., Ltd v. Accelerate360, LLC*, 621 F. Supp. 3d 716, 724-25 (E.D. Tex. 2022).

### i. Because it provides clear notice to employees, and ample time to review its terms, TTEC's Arbitration Agreement is procedurally fair.

Plaintiff argues that Ms. Vega's Arbitration Agreement is procedurally unconscionable on two bases: First, Plaintiff argues that the e-signature page has not been produced. Second, Plaintiff argues that the certification process for the Arbitration Agreement is impermissibly confusing.

First, as an initial matter, the tracking for Ms. Vega's e-signature was previously provided. *See* ECF No. 55-1 Exs. A, D to Gretchen Pfeifer Declaration. This record shows that Ms. Vega provided her e-signature on May 9, 2023 at 10:18 a.m. *See id.*

Second, by including an additional notice of the terms of the Arbitration Agreement and the effect of certification, the certification provides further evidence that the Arbitration

7

Agreement is procedurally fair. As discussed further in Part II.B, TTEC's certification for the arbitration agreement is obtained at the completion stage for onboarding. *See* ECF No. 55, ¶ 5. During the onboarding process, applicants, including Ms. Vega, are required to fill out their employment information and review the Arbitration Agreement. *Id.* ¶¶ 4-5, 7. Then, new hires are required to attest to the accuracy of the information provided and agree to the terms of the Arbitration Agreement. *Id.* ¶ 5-6.

Critically, TTEC's certification page provides employees with *an additional* opportunity to review the Arbitration Agreement before assenting and includes *another* link to the agreement. *Id.* at Ex. B. The certification page also provides a *final* reminder that by completing the certification, new hires are agreeing to the terms of the Arbitration Agreement. *Id.* Plaintiff's position here—that the Arbitration Agreement is "confusingly and unfairly" drafted due to these reminders—appears to be based on the assumption it would be procedurally fairer if the certification provided no reminders regarding the Arbitration Agreement. *See* ECF No. 57 at 9. In essence, Plaintiff appears to argue that providing more notice is less fair. This makes little sense.[5] The Arbitration Agreement Ms. Vega signed was procedurally fair.

### ii. By providing discovery terms that are consistent with AAA standards, TTEC's Arbitration Agreement is substantively fair.

Plaintiff then alleges that Ms. Vega's Arbitration Agreement is substantively unconscionable due to its discovery limitations. Here, Plaintiff focuses on the fact that

---

[5] To the extent that Plaintiff is arguing merely against the dual-purpose of the assent, courts have already upheld such forms. *See, e.g.*, *Petrie*, 360 F. Supp. 3d at 1162-63 (D. Colo. 2019) (granting motion to compel arbitration where plaintiff had "clicked the 'See Job Matches' button" indicating agreement to the employer's terms of use).

Ms. Vega's Arbitration Agreement only guarantees parties the right to propound requests for production (and not other discovery requests) and to depose "two individual fact witnesses and any expert witness designated by another party", with any additional discovery up to the arbitrator's determination. *See* ECF No. 57 at 11. Plaintiff argues that these restrictions unfairly limit Ms. Vega's ability to prosecute her case, but Plaintiff ignores both that TTEC's discovery terms mirror those offered by the American Arbitration Association ("AAA") and that courts have upheld even greater limits on discovery.

In fact, the Arbitration Agreement offers discovery terms that mirror AAA rules. AAA rules explicitly provide that parties may agree to the AAA Discovery Protocols. AAA, *Employment/Workplace Arbitration Rules and Mediation Procedures*, R-1(d), https://www.adr.org/media/0vrpbnm0/2025_employment_arbitration_rules.pdf. Notably, those protocols do not provide for requests for admission or interrogatories, a practice courts have previously upheld. *See* AAA, *Initial Discovery Protocols*, Part 3(2), https://www.adr.org/media/qltiqpgp/aaa249_initial_discovery_protocols_april2013.pdf; *see also Hicks v. Utiliquest, LLC*, 736 F. Supp. 3d 849, 866-68 (E.D. Cal. 2024).

But courts have also upheld even harsher limits on discovery than those set forth by the Arbitration Agreement, provided that the arbitrator could expand discovery to the needs of the case. *See Fox v. Computer World Services Corp.*, 920 F.Supp.2d 90, 100 (2013) (upholding an arbitration agreement that limited depositions to only *one* fact witness when the agreement allowed the arbitrator to order additional discovery as needed); *Falk v. Aetna Life Insurance Co.*, No. CV1900434MASDEA at *6-7 (D.N.J. Aug. 31, 2019) (same). In short, the Arbitration Agreement is not unconscionable.

9

## III. CONCLUSION

Based on the foregoing, TTEC respectfully requests that this Court compel Ms. Vega to individually arbitrate her claims and grant such further relief in TTEC's favor as this Court deems appropriate under the circumstances.

DATED: October 21, 2025

Respectfully submitted,

*/s/ Arthur J. Rooney*
Arthur J. Rooney
Perkins Coie LLP
110 North Wacker, Suite 3400
Chicago, IL 60606
Telephone: 312-263-5071
Facsimile: 312-324-9516
Email: ARooney@perkinscoie.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I, Arthur J. Rooney, hereby certify that on October 21, 2025, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

*/s/ Arthur J. Rooney*
Arthur J. Rooney